Revised November 22, 2000

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-50374

---

JOHN FAHLE,

Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General for the State of Texas,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

---

November 3, 2000

Before GARWOOD, HIGGINBOTHAM, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Appellant John Fahle ("Fahle") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability ("COA") on the issue of whether Fahle was entitled to and was denied a full panoply of criminal procedure rights, including the right to a hearing and the right to assistance of counsel, prior to being held in contempt, sentenced to three days in jail, and fined $500 by the Texas Court of Criminal Appeals. For the following reasons, we affirm the district court's denial of habeas relief.

FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 1995, John Fahle was appointed appellate counsel in a death penalty case. He was required to file his client's brief on October 30, 1996, in the Texas Court of Criminal Appeals, but the court granted him an extension until March 31, 1997. In granting the extension, the court stated that it would not consider further motions for extensions and that failure to file his client's brief by the March 31st deadline could result in a judgment of contempt against Fahle.

Fahle did not meet the March 31st deadline, and on April 15, 1997, the Texas Court of Criminal Appeals ordered him t o file, by April 30, 1997, his client's brief and show cause why he should not be held in contempt for failing to meet the deadline. Fahle neglected to respond to the court's order by April 30th. However, he filed an affidavit on May 6, 1997, explaining his reasons for failing to timely file his client's brief and stating that he expected to file the brief by May 12, 1997.

In his affidavit, Fahle stated that, during the weeks before the March 31st deadline, he had been in court on an almost daily basis and listed the cases for which he had appeared in court. Fahle also stated that he had represented Rick McLaren, who allegedly kidnaped his neighbors on April 27, 1997, and engaged in a standoff with police for several days in Fort Davis, Texas. Fahle further explained that, while he did not immediately travel to Fort Davis, he was in constant contact with law enforcement officials there as well as the Texas Attorney General's Office. He went to Fort Davis on May 3, 1997, and returned to his home on May 5, 1997. Fahle also stated in his affidavit that he had been unable to work for several months prior to the March 31st deadline because his wife left him.

Fahle did not file his client's brief by May 12th, but instead filed it on June 17, 1997. However, before he filed the brief, the Texas Court of Criminal Appeals entered a judgment of

contempt against him. The court entered the contempt judgment on June 2, 1997, stating that it was "plain from the record that the said John Fahle has failed to comply with the orders of this Court and, especially, the **ORDER TO SHOW CAUSE AND FILE BRIEF** dated April 15, 1997, and is therefore, in contempt of this Court and should be punished for contempt."

The court sentenced Fahle to three days in jail and imposed a $500 fine. The court also issued an *alias capias* directing law enforcement officers to arrest him. Fahle has not been arrested. When he filed his client's brief on June 17th, Fahle also requested that the Court of Criminal Appeals stay his surrender to custody so that he could consult with counsel. The court denied his request, and he filed a petition for a writ of habeas corpus in the district court. The district court stayed the execution of the contempt order pending resolution of the habeas proceeding. The district court also denied the Texas Attorney General's motion to dismiss for failure to exhaust state remedies. The court accepted the finding of the magistrate judge that Fahle did not have an adequate state remedy and excused him from the exhaustion requirement.

In his habeas petition, Fahle contended that: (1) he did not receive notice of the charges against him; (2) he did not receive a hearing; (3) he was denied the opportunity to consult with counsel after the Court of Criminal Appeals entered the contempt order; (4) the Court of Criminal Appeals failed to follow state procedures for contempt proceedings; (5) the Court of Criminal Appeals did not have sufficient evidence to support the judgment of contempt; and (6) the judgment of contempt violated the due process rights of the client whom Fahle had been appointed to represent. Accepting the findings of the magistrate judge, the district court denied Fahle's petition for habeas relief.

Fahle then sought a COA from this Court. A judge of this Court granted the COA on the issue of "whether Fahle was entitled to a full panoply of criminal procedure rights, including the right to a hearing and right to counsel, prior to being held in contempt and, if so, whether Fahle was unconstitutionally denied that right." The order also requested that the parties brief "whether Fahle has waived any right to criminal procedural safeguards he may have had by failing to file affidavits in a timely fashion as ordered by the state appellate court."

## DISCUSSION

In a habeas corpus appeal, we review the district court's conclusions of law de novo and its findings of fact for clear error. Thompson v. Cain,161 F.3d 802, 805 (5th Cir. 1998).

In response to his claim that he was entitled to a live evidentiary hearing, the district court found that Fahle received a sufficient opportunity to be heard. The court also found that Fahle had not offered any explanations for his failure to timely file his client's brief aside from those in his affidavit to the Court of Criminal Appeals.

The Supreme Court and this Court have indicated that a petty criminal contempt penalty does not exceed imprisonment for six months or a fine of $5,000. See International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 838 n.5, 114 S.Ct. 2552, 2562, 129 L.Ed.2d 642 (1994); Crowe v. Smith, 151 F.3d 217, 229 (5th Cir. 1998). In Texas, the penalty for contempt of court is limited to "a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail." TEX. GOV'T CODE ANN. § 21.002 (Vernon 2000). The Texas Court of Criminal Appeals sentenced Fahle to three days in jail and a $500 fine. This contempt sanction was petty in nature.

Fahle argues that he was entitled to a live evidentiary hearing to explain why he failed to timely file his client's brief. However, he has not pointed to any case holding that one who is charged with petty criminal contempt is per se entitled to a live evidentiary hearing. Nevertheless, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). The Court of Criminal Appeals afforded Fahle a meaningful opportunity to explain his failure to meet the extended deadline through affidavits from himself and others. Fahle has not shown that the opportunity to explain his failure through affidavits was constitutionally insufficient.

Moreover, Fahle has not shown how he was prejudiced by the lack of a live evidentiary hearing. He has not offered any explanations, aside from the ones that he asserted in his affidavit, that he would have presented to the court at a live hearing. He has not stated that he would have called any witnesses and has not claimed that he was prevented from asserting any rights by the lack of a live hearing.

In the habeas context, this Court has found that in some cases the requirement that there be a hearing on the merits may be satisfied by a "paper hearing" rather than by an in-court evidentiary hearing. See, e.g., Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994). Similarly, under the circumstances of this case, the "paper hearing" given to Fahle by the Court of Criminal Appeals was sufficient.

Fahle also complains that the Court of Criminal Appeals found him in criminal contempt before affording him the opportunity to seek assistance of counsel. He claims that the court did not give him adequate notice of "the gravity of the proceeding" to alert him of the need to seek assistance

of counsel. The district court denied relief on the basis of denial of assistance of counsel. The court found that Fahle received notice and an opportunity to respond to the contempt charges, but he simply failed to seek the assistance of counsel. We find that Fahle's claim is essentially a notice claim, and the Court of Criminal appeals clearly gave him adequate notice that he was facing criminal contempt sanctions.

Finally, Fahle makes the conclusory arguments, under the rubric "Other Due Process Considerations," that the Court of Criminal Appeals did not presume him to be innocent and that he was not proven guilty beyond a reasonable doubt by a neutral fact finder. Fahle has wholly failed to support these allegations, and we decline to grant habeas relief on either of them.

We find that the opportunity afforded by the Court of Criminal Appeals for Fahle to explain his failure to timely file his client's brief was meaningful and constitutionally sufficient. We do not reach the issue of whether Fahle waived any of his rights to criminal procedural safeguards.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Fahle's petition for habeas relief.

AFFIRMED.