

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-18-00415-CV

———————————————————

IN RE C.F., Relator

Original Proceeding
Trial Court No. CIV-09-0919

## No. 02-18-00350-CV

———————————————————

IN THE INTEREST OF T.F., J.F., L.F., AND W.F., CHILDREN

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-09-0919

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Opinion by Justice Pittman

## OPINION

In eight mandamus issues and fourteen appellate issues, Appellant/Relator C.F. (Mother) complains of the trial court's omnibus "Order Enforcing Child Support Order with Commitment Suspended" (enforcement order), which includes contempt findings, a commitment order, community-supervision conditions, arrearage confirmations and judgments, an award of costs and attorney's fees, and a withholding order. In the mandamus proceeding (Cause No. 02-18-415-CV), we: (1) hold the entire commitment order void as well as the contempt findings based on Mother's failure to make student-loan payments and failure to take her child to her primary care physician; (2) modify the enforcement order by striking those provisions; (3) uphold the child-support, medical-support, and unreimbursed-medical-expenses contempt findings; and (4) deny all other mandamus relief. In the appeal (Cause No. 02-18-350-CV), we modify the cumulative judgment on the student-loan arrearage to reflect the amount of $4,709.89 instead of $5,529.89, and we affirm the modified enforcement order.

## BACKGROUND FACTS

In 2018, Appellee/Real Party in Interest M.F. (Father) filed a motion to enforce various liability and child-related provisions of a 2010 agreed divorce decree, a 2015 modification order, and a 2017 temporary order against Mother. Father requested that Mother be held in contempt, confined, and placed on long-term community supervision. He also sought confirmation of arrearages, attorney's fees,

2

costs, judgments thereon, and withholding.

In its enforcement order after a hearing, the trial court held Mother in criminal contempt for:

- Failing to pay Father several listed child-support and medical-support payments as ordered;

- "[E]ach individual violation of each medical reimbursement payment not made in compliance with the Support order" (but listing no violations);

- Not complying with the temporary order by failing to use the children's primary care physician; and

- "[E]ach individual violation of each [student-loan] payment not made in compliance with the" divorce decree awarding her the student-loan debt (but listing no violations).

The trial court ordered Mother committed to jail for 180 days for only one alleged violation—"Violation 147"—her alleged failure to make one of many student-loan payments. The trial court suspended Mother's jail commitment and placed her on community supervision for 120 months.

The trial court also found Mother in arrears in the amounts of (1) $4,709.89 for student-loan payments Father made and (2) $86.50 for the children's unreimbursed medical expenses as of September 11, 2018, and then granted Father a cumulative judgment on each arrearage. Finally, the trial court ordered Mother to pay Father's trial counsel $2,100 in reasonable and necessary attorney's fees, taxed Father's court costs against Mother, and ordered "all support judgments awarded . . . , including child support, child support arrearages, child support interest, attorney's fees and

3

costs and the interest on attorney's fees and costs" to be withheld from Mother's employment income.

Mother filed a timely notice of appeal. Instead of an appellant's brief, however, she filed a "Petition for Writ of Mandamus and Alternative Appellant's Brief on Appeal of Order Enforcing Child Support Order with Commitment Suspended." This court notified the parties by letter that Mother appeared to be asking for both mandamus relief and appellate relief in her document, not one type or another, because her issues challenged both the contempt provisions and the arrearage provisions of the trial court's enforcement order. *See Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (stating "there is no authority for treating a case as *both* an original proceeding *and* an appeal"). This court's letter stated that because Mother filed an appeal and sought relief from the arrearage judgment, her contempt issues would be dismissed for want of jurisdiction absent a response showing this court had jurisdiction over those issues. Mother responded to our letter by filing a second document, entitled "Petition for Writ of Mandamus," raising eight issues challenging the trial court's contempt and commitment provisions in the enforcement order.

We therefore refer to the fourteen issues raised in Mother's first-filed document as appellate issues and the eight issues raised in her second-filed document, the mandamus petition, as mandamus issues.

4

## DISCUSSION

### I. Mandamus is an Appropriate Vehicle for Relief from Contempt.

Father argues mandamus is not the correct vehicle for Mother's contempt issues because she is restrained (and thus confined) by her terms of community supervision. He consequently argues the only proper remedy for Mother's attack on the contempt provisions of the enforcement order is through a petition for writ of habeas corpus. Mother argues her community-supervision terms do not restrain her because they require her only to make payments as already ordered by the trial court; thus, mandamus is the proper remedy. Mother is correct.

The enforcement order's community-supervision terms require Mother to timely pay her share of uninsured medical expenses, monthly payments on the non-support judgment, Father's attorney's fees and costs for the enforcement proceeding; and monthly payments on the remaining student-loan debt and to comply with the trial court's valid orders—obligations imposed on her by the trial court independently of community supervision. We therefore hold Mother's community-supervision terms do not restrain her liberty. *See In re Depeau*, No. 14-14-00693-CV, 2014 WL 4952427, at *2 (Tex. App.—Houston [14th Dist.] Oct. 2, 2014, orig. proceeding) (mem. op.) (holding relator was not under restraint when her community-supervision conditions required her only to comply with the divorce decree and to attend all compliance hearings); *In re W.H.*, No. 02-12-00370-CV, 2012 WL 4054874, at *6 n.5 (Tex. App.—Fort Worth Sept. 17, 2012, orig. proceeding) (mem. op.)

5

(stating the conditions of relator's community supervision—requiring him to make payments for current medical- and child-support obligations and arrearages and attorney's fees, expenses, and costs—did not subject him to a restraint on his liberty). Mother's petition for writ of mandamus is therefore properly before us.

### A. Contempt Decisions Are Not Appealable.

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). As this court's presubmission correspondence with the parties indicated, contempt decisions are not appealable. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In re Office of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding); *see Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983) (noting the court of appeals dismissed the appeal of a contempt order for want of jurisdiction "since judgments of contempt are not appealable orders" and agreeing the court of appeals "lacked jurisdiction to review the contempt order"). We therefore dismiss Mother's first, second, third, seventh, eighth, ninth, tenth, and eleventh appellate issues, which challenge the enforcement order's contempt provisions, and those portions of her thirteenth and fourteenth appellate issues challenging the conditions

6

of community supervision.[1]

## B. We Grant Mandamus Relief Only if the Trial Court Abused Its Discretion.

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it is a clear and prejudicial error of law or if it fails to correctly analyze or apply the law to the facts. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also State v. Naylor*, 466 S.W.3d 783, 793 (Tex. 2015) (orig. proceeding) ("A writ of mandamus is an extraordinary remedy available 'to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law.'" (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding))). The relator must establish that the trial court could have reasonably reached only one conclusion. *H.E.B. Grocery*, 492 S.W.3d at 303 (citing *Walker*, 827 S.W.2d at 840). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## II. Mother Was Not Entitled to a Jury on the Contempt Issues.

In her first mandamus issue, Mother complains of the denial of her jury

---

[1]Even if we had appellate jurisdiction over the complaints challenging the conditions of community supervision, we would dismiss those complaints as moot based on our holding the entire commitment order void. *See infra* Part III.

demand. Her issue focuses only on the contempt portion of the hearing. The trial court stated at the beginning of the hearing that it would

> not assess punishment to exceed six months, period, regardless of what the pleadings say. And [Father's enforcement motion] says not to exceed 18 months, I will say not to exceed six months by my own ruling right now. So I'm not going to grant the request for a jury trial.

Mother was sentenced to 180 days in jail for Violation 147, her alleged failure to make a specific student-loan payment.

If a contempt order imposes a fine of not more than $500 or confinement in the county jail for not more than six months or both, the punishment is characterized as "petty," and the contemnor is not entitled to a jury. *Fahle v. Cornyn,* 231 F.3d 193, 196 (5th Cir. 2000), *cert. denied*, 532 U.S. 1043 (2001); *In re Newby*, 370 S.W.3d 463, 466 (Tex. App.—Fort Worth 2012, orig. proceeding); *see also* Tex. Gov't Code Ann. § 21.002(b) (providing maximum punishments allowed for contempt of court). Because Mother was sentenced to only 180 days in jail, she was not entitled to a jury. We overrule her first mandamus issue.

## III. The Trial Court Abused Its Discretion by Finding Mother in Contempt for Failing to Make Student-Loan Payments and by Ordering Her Committed for One of Those Violations.

In the enforcement order, the trial court found that although Mother had the ability to pay, she failed to pay the student-loan debt imposed on her in the divorce. The trial court further found Mother "guilty of a separate act of contempt for each individual violation of each [student-loan] payment not made in compliance with the"

divorce decree, but the trial court did not list any of those violations in the enforcement order. The trial court sentenced Mother to 180 days' confinement for one alleged violation—Violation 147—and suspended the sentence.

In her second, third, and seventh mandamus issues, Mother challenges the trial court's finding her guilty of contempt for failing to pay the student-loan payments. In her second and third mandamus issues, she also challenges the trial court's sentencing her for her alleged failure to make one student-loan payment.

Article I, section 18 of the Texas Constitution provides, "No person shall ever be imprisoned for debt." Tex. Const. art. I, § 18. Thus, holding someone in contempt for nonpayment of a debt is unconstitutional. *See Tucker v. Thomas*, 419 S.W.3d 292, 297 (Tex. 2013) ("The Texas Constitution prohibits a trial court from confining a person under its contempt powers as a means of enforcing a judgment for debt."); *In re Green*, 221 S.W.3d 645, 647 (Tex. 2007) (orig. proceeding); *In re Henry*, 154 S.W.3d 594, 597–98 (Tex. 2005) (orig. proceeding); *Ex parte Hall*, 854 S.W.2d 656, 656–57 (Tex. 1993) (orig. proceeding); *In re McGonagill*, No. 2-07-034-CV, 2007 WL 704888, at *3 (Tex. App.—Fort Worth Mar. 5, 2007, orig. proceeding) (mem. op.); *In re Lozano*, 263 S.W.3d 87, 92 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). "A commitment order that violates the Texas Constitution is beyond the court's power and is void." *Henry*, 154 S.W.3d at 596.

When a divorce court finds an asset exists and awards it in the divorce to one spouse, the other spouse who holds the asset is not indebted to the spouse owning

9

the asset but is a constructive trustee and can be held in contempt. *Ex parte Preston*, 347 S.W.2d 938, 940–41 (Tex. 1961) (orig. proceeding); *cf.* Tex. Fam. Code Ann. § 9.011. However, there was no indication in the divorce decree that Mother was awarded funds in the divorce from which to pay the student-loan debt; she was therefore not a constructive trustee or fiduciary subject to contempt for her failure to pay it. *See Henry*, 154 S.W.3d at 597.

Because the contempt finding on the student-loan payments and the commitment order penalize Mother for her failure to pay a debt, we hold them void. We therefore sustain Mother's second mandamus issue on this ground and do not reach the rest of her arguments in this issue or her third and seventh mandamus issues. *See* Tex. R. App. P. 47.1.

## IV. Mother Did Not Adequately Brief Her Issue Complaining of the Trial Court's Finding Her in Contempt for Failing to Pay Father Her Share of Unreimbursed Medical Expenses.

In her sixth mandamus issue, Mother contends the trial court abused its discretion by holding her in contempt "for each individual violation of each medical reimbursement payment not made in compliance with the Support Order." A person may be held in contempt and imprisoned for failing to pay child support because the obligation to pay child support is a duty, not a debt. *See* Tex. Fam. Code Ann. §§ 157.001, 157.166–.167; *Henry*, 154 S.W.3d at 596; *Ex parte Birkhead*, 95 S.W.2d 953, 954 (Tex. 1936) (orig. proceeding). Medical support is a child-support obligation, Tex. Fam. Code Ann. § 154.183, and it is also enforceable by contempt, *see Ex parte*

10

*Ferrer*, No. 04-14-00851-CV, 2014 WL 7183254, at *1 (Tex. App.—San Antonio Dec. 17, 2014, orig. proceeding) (mem. op.).

In her issue, Mother relies on the uncertainty of (1) the number of medical-reimbursement violations alleged, (2) which of those violations the enforcement order's language references, and (3) the amount owed as well as the alleged absence of evidence to support this contempt finding. However, she cites no authority in the issue to support any of her contentions. We therefore overrule Mother's sixth mandamus issue as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (stating courts are not obligated to "become advocates for a particular litigant" by performing research and developing argument for that litigant) (internal quotation omitted). *See generally Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994).

**V.    The Trial Court Abused Its Discretion by Finding Mother in Contempt for Taking Her Child to a Physician Other than the Child's Primary Physician.**

In her eighth mandamus issue, Mother contends the trial court abused its discretion by finding her guilty of contempt for not complying with a court order because of her failure to use the children's primary care physician. The temporary order provided, "IT IS ORDERED that, during her period of possession, [Mother], as parent joint managing conservator[,] shall have the following rights and duties: . . . 'The right to take the children to the children's primary care physician if they are sick

11

during a period of [Mother's] possession.'" The trial court found "that, although [Mother] had the ability to obey the Court order regarding medical treatment, [she] failed to use the children's primary care physician. The Court further [found] . . . [Mother] . . . guilty of contempt for not complying with the Court Order."

Mother argues that provision in the temporary order is not specific enough to be enforced by contempt. Mother cites no authority for her argument in this issue, but elsewhere in her petition to support the same argument for other challenged provisions as well as in her reply to Father's response, Mother relies on *Ex parte Slavin*, 412 S.W.2d 43 (Tex. 1967) (orig. proceeding). We therefore address her issue in the interest of justice.

We strictly construe orders to be enforced in contempt cases. *Ex parte Jones*, 331 S.W.2d 202, 204 (Tex. 1960) (orig. proceeding); *In re Aslam*, 348 S.W.3d 299, 303 (Tex. App.—Fort Worth 2011, orig. proceeding) The order sought to be enforced must use clear, specific, and unambiguous terms so that the person charged with obeying it can quickly discern exactly what duties and obligations are imposed on her. *Slavin*, 412 S.W.2d at 44; *Aslam*, 348 S.W.3d at 303. "Interpretation of the provisions of the court order . . . should not rest upon implication or conjecture. The allegedly contemptuous acts must be directly contrary to the express terms of the court order." *Ex parte Blasingame*, 748 S.W.2d 444, 446 (Tex. 1988) (orig. proceeding); *Aslam*, 348 S.W.3d at 303.

The language in the temporary order permits Mother to seek treatment for the

children from their children's primary care physician but does not expressly enjoin or restrain Mother from seeking medical care for the children from another provider. *Compare In re Sanner*, No. 01-09-00001-CV, at \*8 (Tex. App.—Houston [1st Dist.] May 20, 2010, orig. proceeding) (mem. op.) (striking contempt finding for father's failure to give child medication when order enjoined him from preventing the child from taking medication but did not require him to administer the medication), *with id.* (upholding contempt findings regarding father's taking the child to see new doctors not recommended by Texas Children's Hospital Learning Support Center when order enjoined the parties from doing so). We therefore agree with Mother that the primary-care-physician provision in the temporary order is not enforceable by contempt, and we hold the contempt finding regarding Mother's violation of that provision void. *See id.* We sustain Mother's eighth mandamus issue.

## VI. The Trial Court Did Not Abuse Its Discretion by Finding Mother in Contempt for Nonpayment of Child Support and Medical Support.

In her fourth and fifth mandamus issues, Mother complains the trial court abused its discretion by finding her guilty of contempt for nonpayment of child support (Issue Four) and nonpayment of medical support (Issue Five). As the basis for these issues in her petition, Mother focuses only on the trial court's findings that she was not in arrears for child support and medical support on August 31, 2018 or at the time of the enforcement hearing. The evidence is undisputed that Mother had been behind on child support and medical support but had caught up by making

13

lump-sum payments before the enforcement hearing.

Several years ago, former section 157.162(d) of the Texas Family Code permitted "a child support obligor to escape a valid finding of contempt if the obligor demonstrate[d] at the enforcement hearing that he or she [was] current in the payment of child support as ordered by the court." *In re Office of Atty. Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding) (internal quotation marks omitted). That section was repealed, however, effective June 14, 2013. *See In re Hall*, 433 S.W.3d 203, 213 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Mother's child-support violations and medical-support violations found by the trial court all occurred well after that effective date. Consequently, her ability to become current on child support and medical support by the time of the enforcement hearing had no impact on the trial court's discretion to hold her in contempt for past violations of its orders.

In her petition's statement of facts and in her reply to Father's response, Mother also raises the bare contention that Father abandoned his claims for contempt on these alleged violations via the following testimony:

> Q. Are you asking that the court hold her in contempt for violations 122, 123, 124, 125, 126, 127, 128, and 147 of all the counts that we had requested?
>
> A. Correct.

We note that none of the violations listed in the question concern child support or cash medical support.

However, Mother cites no authority in her petition or reply for the

14

abandonment proposition. Thus, to the extent Mother relies on the statement of facts in her petition to supplement her fourth and fifth mandamus issues, we overrule the argument as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85; *Tello*, 218 S.W.3d at 116. Further, we do not consider issues raised for the first time in a reply. *See In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *2, n.2 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (mem. op.) (per curiam); *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 888, n.8 (Tex. App.—El Paso 2012, orig. proceeding); *see also* Tex. R. App. P. 52.3(f) ("*Issues Presented.* The petition must state concisely all issues or points presented for relief."); *cf. City of Fort Worth v. Rylie*, 563 S.W.3d 346, 365 (Tex. App.—Fort Worth 2018, no pet.) (holding same for reply brief in an appeal). We therefore hold the trial court did not abuse its discretion by holding Mother in contempt for child-support and medical-support violations, and we overrule her fourth and fifth mandamus issues.

## VII.  We Strike the Void Contempt Findings and Commitment Order.

Having held the student-loan contempt finding, the primary-physician contempt finding, and the entire commitment order void, we modify the enforcement order to delete those provisions. *See In re Zapata*, 129 S.W.3d 775, 780–81 (Tex. App.—Fort Worth 2004, orig. proceeding) (citing *Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994) (orig. proceeding)); *see also In re Durant*, No. 02-09-00079-CV, 2009 WL 2914300, at *3 (Tex. App.—Fort Worth Sept. 10, 2009, orig. proceeding)

15

(mem. op.).

## VIII. The Trial Court Did Not Abuse Its Discretion by Confirming an Arrearage on Mother's Share of the Unreimbursed Medical Expenses.

In Mother's fourth appellate issue, she complains the trial court abused its discretion by confirming the arrearage on her share of the children's unreimbursed medical expenses because there was no evidence, or insufficient evidence, that she owed Father $86.50 in that category.

### A. We Review Determinations of Child-Support Arrearages for an Abuse of Discretion.

We review a trial court's confirmation of child-support arrearages for an abuse of discretion. *In re R.R.*, No. 02-15-00032-CV, 2017 WL 632897, at *3 (Tex. App.—Fort Worth Feb. 16, 2017, pets. denied) (mem. op.); *see In re F.M.B.*, No. 02-12-00153-CV, 2014 WL 70108, at *9 (Tex. App.—Fort Worth Jan. 9, 2014, no pet.) (mem. op.); *see generally* Tex. Fam. Code Ann. § 154.183(c)(1) (stating unreimbursed medical expenses not covered by insurance or included in cash medical support are allocated as additional child support). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

When reviewing a trial court's family law decision for an abuse of discretion, legal and factual insufficiency are not independent reversible grounds of error but are relevant factors. *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.). Accordingly, in determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have enough information upon which to exercise its discretion; and (2) did the trial court err in applying its discretion? *Id.* The applicable sufficiency review comes into play in answering the first question. *Id.* at 649–50. Concerning the second question, we determine, based on the elicited evidence, whether the trial court made a reasonable decision. *Id.* at 650.

### B. Evidence Supports the Trial Court's Determination that Mother Owed Father $86.50 in Unreimbursed Medical Expenses.

"The movant on a motion to enforce a child-support order, including an order to provide medical support, has the burden of establishing the amount of support owed." *In re E.G.*, No. 02-16-00302-CV, 2017 WL 3821862, at *2 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.); *see* Tex. Fam. Code Ann. § 154.183(c)(1). Father testified that (1) Mother owed him $7,296.89 in unreimbursed medical expenses at the time he filed his enforcement motion; (2) she paid $7,210.39—all but $86.50 owed—by the time of the enforcement hearing; and (3) she still owed him $86.50 for unreimbursed medical expenses. Mother's Exhibit One, which was

17

admitted into evidence, is a copy of an OurFamilyWizard report generated by Father. It lists the children's unreimbursed medical and dental expenses from July 2013 to January 2018 by date, payee, status, category, total amount, what Father was owed or did owe, and what he received or paid. The "owed" column indicates Mother owed Father a total of $7,210.39, and Father admitted as much in his testimony, but the total expenses column indicates Mother's portion of the expenses was $7,296.89, leaving a difference of $86.50 in Father's favor. The report contains the following entries for August 16, 2016:

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/16/2016 | Taylor Contacts 📎 | Refused | Medical / Dental (50/50) | $173.00 $86.50 $86.50 | $0.00 | $0.00 |
| 08/16/2016 | Taylor Contacts RETRY 📎 | Open | Medical / Dental (50/50) | $173.00 $86.50 $86.50 | $86.50 | $0.00 |

The $86.50 in the total expenses column of the "Refused" entry, matched with the $0 in the owed column, appears to be responsible for the conflict in the report. But the trial court as factfinder could choose to believe all, some, or none of the evidence. *See State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 321 (Tex. App.—San Antonio 2002, pet. denied), *abrogated on other grounds by Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 26–27 (Tex. 2008). Thus, the trial court could have chosen to believe Father's testimony that Mother owed him $86.50 and to disbelieve

18

the report's indication that Mother owed Father nothing for the "Refused" entry. We hold that sufficient evidence supports the trial court's decision. Accordingly, we cannot conclude the trial court abused its discretion by confirming the $86.50 arrearage for unreimbursed medical expenses. We overrule Mother's fourth appellate issue.

## IX.  The Trial Court Did Not Abuse Its Discretion by Confirming the Student-Loan Arrearage.

In her fifth appellate issue, Mother complains the trial court abused its discretion by confirming the arrearage on the student-loan payments Father paid in her stead. She argues that there is no evidence or insufficient evidence to support the judgment. We review the trial court's ruling on a motion for enforcement of a divorce decree for an abuse of discretion. *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). The movant has the burden to prove the amount of the arrearage due. *Hargrove v. Hargrove*, No. 03-15-00415-CV, 2016 WL 1039019, at *2 (Tex. App.—Austin Mar. 9, 2016, no pet.) (mem. op.); *Woody v. Woody*, 429 S.W.3d 792, 798 (Tex. App.—Houston [14th Dist.] 2014, no pet. ) (op. on reh'g).

Father asked the trial court to take judicial notice of his enforcement motion and the 2010 agreed divorce decree, 2015 modification order, and 2017 temporary order attached to the motion, and the trial court did so. While a trial court may take judicial notice of the contents of its file, however, it may not take judicial notice of the

19

truth of any factual allegations contained in its file. *In re R.A.*, No. 02-18-00185-CV, 2018 WL 5832148, at *8 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op.); *In re T.S.P.*, No. 04-14-00547-CV, at *3–4 (Tex. App.—San Antonio Aug. 26, 2015, no pet.) (mem. op.); *see also* Tex. R. Evid. 201(b)(1)–(2) (stating the court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). Neither party offered the documents into evidence. We therefore do not explore Father's argument that documents attached to his enforcement motion as Exhibit J confirm his student-loan payments to the account named in the decree.

Nevertheless, the evidence admitted does support the trial court's confirmation of the arrearage. *First*, Father's testimony supports the amount. On direct examination, Father testified he was asking for a judgment of $5,529.89 (1) for nineteen Sallie Mae payments he made on a student-loan debt that Mother was ordered to pay in the divorce decree and (2) for her share of their son's legal expenses. When asked whether he was asking the trial court to order that Mother "pay the 820 owed on or before October 31st for the legal fees for [their son] as a condition of probation," he answered, "That's correct." Subtracting $820 from the combined requested judgment of $5,529.89 leaves $4,709.89, the amount the trial court found Mother in arrears for the student-loan payments she did not pay but Father did.

*Second*, Father's testimony supports the conclusion that the student-loan debt

20

was imposed on Mother in the divorce decree and that she was responsible for making timely payments but that he should make the payments if she did not and reduce court-ordered spousal support payments accordingly. On direct examination, Father testified Mother was ordered to pay the student-loan debt in the divorce decree. On cross-examination, Father testified that:

- The divorce decree stated that Mother was to pay the student-loan debt and if she did not, he should make the payment and deduct it from his monthly spousal support payments to her, which he believed he was making "at the time"; and

- The divorce decree stated that the student loan had been issued to both Mother and Father, but the decree placed the obligation to pay it on Mother.

We decline to address Mother's additional, conclusory arguments that the trial court abused its discretion by confirming the arrearage because the underlying order was patently ambiguous and unenforceable by contempt as Mother has not supported those arguments with appropriate citations to authority. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85; *Tello*, 218 S.W.3d at 116.

We therefore hold the trial court did not abuse its discretion by confirming that Mother owed Father $4,709.89 for student-loan payments he made. We overrule Mother's fifth appellate issue.

**X.    The Trial Court Did Not Abuse Its Discretion by Granting a Judgment on the Arrearages, But We Correct the Amount of the Judgment for the Student-Loan Arrearage.**

In her sixth appellate issue, Mother contends "[t]he money judgment rendered

21

against [her] was a cumulative judgment in the amount of $4,796.39, which represented the $86.50 in alleged unreimbursed medical expenses and $4,709.89 in alleged missed payments to Sallie Mae." She argues the trial court abused its discretion by granting judgment against her. Because we have overruled Mother's fourth and fifth issues complaining of the confirmation of those arrearages, we likewise overrule her sixth appellate issue to the extent it complains of the grounds for the awards.

However, we note that there are two cumulative judgments: one for the unreimbursed-medical-expenses arrearage and one for the student-loan arrearage. The cumulative judgment amount for the student-loan arrearage—$4,796.39— exceeds the confirmed student-loan arrearage—$4,709.89—by $86.50, the amount of the unreimbursed-medical-expenses arrearage and its associated cumulative judgment. No evidence supports this discrepancy, nor do the trial court's findings. We therefore sustain the remainder of Mother's sixth appellate issue and modify the student-loan cumulative judgment to reflect an amount of $4,709.89 instead of $4,796.39. *See* Tex. R. App. 43.2(b); *see, e.g.*, *Cenac Towing, Inc. v. Defonte*, No. 01-12-01036-CV, 2014 WL 4344901, at *8 (Tex. App.—Houston [1st Dist.] Aug. 29, 2014) (mem. op.) (correcting math errors in prejudgment interest and total damages awarded).

## XI. The Trial Court Did Not Abuse Its Discretion by Awarding Father Attorney's Fees of $2,100.

In Mother's thirteenth appellate issue, she contends the trial court abused its

discretion by awarding Father attorney's fees of $2,100 because "there is no basis" for the enforcement order and the evidence is insufficient to support the amount of attorney's fees awarded. She does not contend that the attorney's fees awarded were not reasonable and necessary. We have already upheld the challenged arrearages as well as the child-support, medical-support, and unreimbursed-medical-expenses contempt findings. We therefore reject Mother's challenge to the enforcement order's basis. *See* Tex. Fam. Code Ann. § 157.167(a) (requiring trial court to order respondent to pay movant's reasonable attorney's fees and costs if the court finds respondent has failed to make child-support payments); *In re M.K.R.*, 216 S.W.3d 58, 67 (Tex. App.—Fort Worth 2007, no pet.) (recognizing trial court has authority to order attorney's fees upon finding child-support payments were not paid when due even when arrearage is paid by the time of the hearing).

Further, the evidence sufficiently supports the amount of the award. As this court recently explained,

> The party seeking to recover attorney's fees has the burden of proof. The reasonableness of attorney's fees is a fact question to be determined by the factfinder and must be supported by competent evidence. To support a request for reasonable attorney's fees, testimony should be given regarding the hours spent on the case, the nature of preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. The trial court has broad discretion in awarding attorney's fees, particularly in child-support cases.

*R.R.*, 2017 WL 632897, at *11 (citations omitted). Father's trial counsel testified that:

- She was licensed in good standing and a member of the State Bar College;

23

- She had practiced exclusively in family law matters since 2003 in Parker County and surrounding counties;

- She billed at $300 per hour, which is reasonable based on her years of experience and practice area;

- She billed Father separately for his modification suit and the enforcement action;

- She worked at least seven hours on the enforcement action;

- Drafting the original motion, the live motion, and proposed enforcement order was very labor intensive because of the multiple orders violated;

- She put together the motion and appendices totaling 185 pages;

- She organized all the receipts and Our Family Wizard documents;

- Because the language in enforcement motions and orders has to be exact, she always drafts enforcement motions and proposed enforcement orders herself;

- The drafting of the motion and order and her appearance at the hearing were responsible for most of the billed time;

- She sought no payment for fees incurred by her paralegal or legal secretary;

- She sought $2,100 in attorney's fees;

- She did not have any billing statements with her; and

- It was reasonable and necessary for Father to bring his enforcement motion to get Mother to comply with various court orders for the children's benefit.

The hearing lasted approximately an hour and fifteen minutes. The clerk's record includes the live, 185-page motion to enforce (including appendices) as well as the proposed 89-page order (including appendices). We hold the evidence sufficiently

24

supports the amount of attorney's fees awarded.

We therefore hold the trial court did not abuse its discretion by awarding $2,100 in attorney's fees. We overrule the remainder of Mother's thirteenth appellate issue.

## XII. The Trial Court Did Not Abuse Its Discretion by Awarding Father Court Costs of $116.

In Mother's fourteenth appellate issue, she challenges the basis of the order that she pay Father's costs and the sufficiency of the evidence supporting the amount. We overrule Mother's "basis" argument for the same reason we overruled it in the contest of the attorney's fee award above. *See* Tex. Fam. Code Ann. § 157.167(a).

In her sufficiency challenge, Mother argues no invoices or receipts were admitted showing service or filing fees. However, Father testified he wanted Mother to pay $116 for his filing the enforcement proceeding and his serving her with his enforcement motion, and his trial counsel testified she paid a filing fee, an efiling fee, and the process service fee for personal service of the enforcement motion on Mother—"$116 in fees . . . were paid out of [Father's trial counsel's] office." We hold the testimony sufficiently supports the award of costs and the trial court did not abuse its discretion by awarding costs to Father. We overrule the remainder of Mother's fourteenth appellate issue.

## XIII. The Trial Court Did Not Abuse Its Discretion by Ordering the Support Judgments Withheld From Mother's Paychecks.

In her twelfth appellate issue, Mother challenges the trial court's order that "all

25

support judgments awarded"—"including child support, child support arrearages, child support interest, attorney's fees and costs and the interest on attorney's fees and costs"—should be withheld from her employment income. *First*, as the enforcement order indicates, the judgment confirming the student-loan arrearage is not a support judgment. *Second*, the only arrearage judgment is the $86.50 judgment for reimbursement of the children's uninsured health expenses, which we have upheld. *Third*, from our review of the testimony (and the void community supervision order), it appears that Mother was no longer subject to orders requiring her to pay current child support and cash medical support but was still obligated to pay her portion of the children's uninsured health care expenses.

The Texas Family Code authorizes income withholding for child-support arrearages, including accrued interest, whether or not current child support is owed. Tex. Fam. Code Ann. §§ 158.003, .004. And, as Mother concedes, section 158.0051 of the Texas Family Code authorizes a trial court to order income to be withheld for attorney's fees and costs resulting from an action to enforce child support. *Id.* § 158.0051. Because we have upheld the trial court's confirmation of the arrearage for reimbursement of uninsured health expenses and the awards of attorney's fees and costs, we likewise uphold the withholding order. We overrule Mother's twelfth appellate issue.

## CONCLUSION

We sustain Mother's second and eighth mandamus issues and overrule or do

26

not reach her remaining six mandamus issues.  We:

- hold the student-loan contempt finding, the primary-physician contempt finding, and the entire commitment order void;

- modify the "Order Enforcing Child Support Order with Commitment Suspended" by striking those void provisions;

- uphold the remaining contempt findings; and

- deny Mother's requested mandamus relief in all other respects.

In Mother's appeal, we dismiss her appellate issues complaining of contempt or the commitment order, sustain part of her sixth appellate issue, and overrule the remainder of her appellate issues.  We modify the "Cumulative Judgment on Arrearages of Non-Support Provisions" (the judgment on the student-loan arrearage) to reflect the amount of $4,709.89 instead of $4,796.39, and we affirm the "Order Enforcing Child Support Order with Commitment Suspended" as modified.

/s/ Mark T. Pittman
Mark. T. Pittman
Justice

Delivered:  May 1, 2019

27