

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00036-CV
_____

IN THE INTEREST OF H.A. AND L.C.A., CHILDREN

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-375177-04

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Father appeals the trial court's order affirming no child support arrearage and awarding unreimbursed medical and dental expenses to Mother.[1,2] *See* TEX. FAM. CODE ANN. § 157.263 (Supp.). No reporter's record from any hearing was filed, although an audio record was made. On appeal, Father, appearing pro se and not present at trial, challenges (1) the sufficiency of the evidence supporting the child support arrearage, (2) the timeliness of the notice provided for unreimbursed medical and dental expenses, and (3) the sufficiency of the evidence supporting the trial court's nondisclosure order. Since we presume the record supports the trial court's judgment, we affirm.

## I.      Evidence at Trial

Mother and Father divorced in 2005. The final divorce decree required Father (1) to pay monthly child support for the parties' minor children, (2) to pay his proportionate share of unreimbursed medical and dental expenses incurred on behalf of the children, and (3) to pay the actual cost of health insurance coverage for each child. Mother was ordered to provide health insurance for each child through her employer. The decree further required that "the party who pays for a health-care expense on behalf of a child shall furnish to the other party, within thirty

---

[1]To protect the identity of the children and persons through whom the children could be identified, we will refer to the Appellee as "Mother," to the Appellant as "Father," and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (Supp.); TEX. R. APP. P. 9.8. "In appeals involving the termination of parental rights, the Texas Rules of Appellate Procedure require the use of an alias to refer to a minor." *In re I.B.*, No. 13-17-00098-CV, 2017 WL 2806779, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg June 29, 2017, no pet.) (mem. op.) (citing TEX. R. APP. P. 9.8). "We may also use an alias 'to [refer to] the minor's parent or other family member' to protect the minor's identity." *Id.* (alteration in original) (quoting TEX. R. APP. P. 9.8(b)(2)).

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses."

In March 2023, the Office of the Attorney General filed a motion to confirm child support arrearages and to enforce Father's obligation to reimburse unreimbursed medical and dental expenses.

On December 2, 2024, the trial court held a final hearing in which Father, acting pro se, did not attend. The resulting order confirmed Father owed and ordered him to pay $0.00 in child support arrearages, $8,400.00 in unreimbursed medical expenses, and $469.80 in unreimbursed dental expenses to Mother. The final order also included a nondisclosure order of Mother and the children's personal information. No reporter's record from any hearing was filed with this Court, although an audio record was made. Father also appears pro on appeal.

## II.    Child Support Arrearage

In his first point of error, Father argues that the child support arrearage was not supported by sufficient evidence.

The trial court found the arrearage to be zero dollars. In other words, the trial court found that Father did not owe any arrearage. Consequently, there is no live controversy on that point. *See Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 887 (Tex. 2025); *In re B.W.E.*, No. 14-13-00467-CV, 2014 WL 259869, at *1 (Tex. App.—Houston [14th Dist.] Jan. 9, 2014, no pet.) (mem. op.) (per curiam) ("Appellant's request for reduced child support is rendered moot by termination of all child support obligations.").

Father's first issue is moot. We overrule Father's first issue.

**III.    Notice and Documentation of Unreimbursed Medical and Dental Expenses**

In his second point of error, Father argues that the trial court erred in awarding unreimbursed medical and dental expenses in the combined amount of $8,869.80. Father contends that Mother did not provide timely notice and documentation of the medical expenses she incurred on behalf of the children within thirty days.

**A.    Standard of Review and Applicable Law**

Medical support enforcement orders are reviewed for abuse of discretion. *In re C.F.*, 576 S.W.3d 761, 772 (Tex. App.—Fort Worth 2019, orig. proceeding). Medical support is additional child support. *Id.*; TEX. FAM. CODE ANN. § 154.183(c)(1) (Supp.). "The movant on a motion to enforce a child-support order, including an order to provide medical support, has the burden of establishing the amount of support owed." *In re E.G.*, No. 02-16-00302-CV, 2017 WL 3821862, at *2 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.); *see* TEX. FAM. CODE ANN. § 154.183(c)(1).

**B.    Analysis**

Even crediting Father's legal contention for the sake of argument, and only for the sake of argument, the record on appeal does not indicate whether the documentation was provided within thirty days or even 120 days, as we do not have a reporter's record. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."). Without a reporter's record, this Court must presume evidence was submitted to support the trial court's order. *See Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *3 (Tex. App.—Fort

4

Worth July 13, 2023, no pet.) (mem. op.) ("A reporter's record is necessary to determine whether the trial court abused its discretion . . . .").

Therefore, Father did not carry his appellate burden to demonstrate an abuse of discretion by the trial court. We overrule Father's second issue.

## IV.     Nondisclosure Order

In his third point of error, Father argues that the trial court erred by entering a nondisclosure order for alleged harassment without supporting evidence.

A trial court can order nondisclosure of information as "required by this section to another party" if that information "is likely to cause the child or a conservator harassment, abuse, serious harm, or injury, or to subject the child or a conservator to family violence." TEX. FAM. CODE ANN. § 105.006(c) (Supp.). "We review the trial court's decision to retain the nondisclosure provision for an abuse of discretion, reversing only if the trial court acted in an unreasonable and arbitrary manner or acted without reference to guiding rules or principles." *In re D.D.J.*, No. 13-14-00401-CV, 2016 WL 6962007, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 22, 2016, no pet.) (mem. op.).

The final order reflects nondisclosure findings on the face of the record. Without a reporter's record, this Court must presume evidence supports the trial court's judgment. We overrule Father's third issue.

5

## V.     Conclusion

We affirm the trial court's order.[3]

Jeff Rambin
Justice

Date Submitted:     October 9, 2025
Date Decided:       January 21, 2026

---

[3]To the extent Father argues that the trial court improperly denied his motion to appear virtually, we overrule that issue as inadequately briefed. *See* TEX. R. APP. P. 38.1(i).  Father merely referenced this in the summary of the arguments and did not raise the argument within an issue presented for review. *See* TEX. R. APP. P. 38.1(f).