Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-10-00116-CV

**IN THE INTEREST OF L.L**. and T.L., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-14960
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED IN PART; REVERSED IN PART

Ronald Leach appeals the trial court's order denying his motion for enforcement of a medical support and travel order in a family law case. Leach contends the trial court erred by: (1) finding Leach failed to give Gina Accord timely notice of her share of uninsured medical expenses; (2) finding that the absence of timely notice excused Accord from reimbursing Leach; (3) excluding evidence as hearsay; and (4) ruling that an order relating to travel expenses was not enforceable until it was signed. Leach also contends that his motion to enforce was not a compulsory counterclaim to Accord's earlier motion to modify custody. We affirm the trial court's order with regard to the uninsured medical expenses; however, we reverse the trial court's order with regard to the travel expenses and remand the cause for further proceedings.

**BACKGROUND**

Leach and Accord were divorced in 2002. The underlying lawsuit relates to support and expenses pertaining to two of their children, L.L. and T.L.

In his motion, Leach sought reimbursement of uninsured medical expenses incurred in 2004, 2006, 2007, and 2008. With regard to the payment of uninsured medical expenses, the 2002 divorce decree originally provided:

> Payment of Uninsured Expenses – IT IS ORDERED that the party who pays for a health-care expense on behalf of the children shall submit to the other party, within ten days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the children. IT IS FURTHER ORDERED that, within ten days after the nonpaying party receives the explanation of benefits stating benefits paid, that party shall pay his or her share of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party for any advance payment exceeding the paying party's share of the expenses.

The divorce decree, including the provision relating to uninsured medical expenses, was modified in May of 2008. The modified decree changed the ten-day requirement for submitting all bills for the uninsured portion of health-care expenses to thirty days.

The order modifying the divorce decree also contained provisions relating to the exchange of possession when a child travels by air. On January 30, 2009, the trial court held a hearing to clarify the travel order provisions. The order granting the clarification states:

> The Court enters this clarifying order concerning the payment of travel expenses for the children named herein, above: IT IS ORDERED that Ronald Leach obtain and pay for airline tickets from San Antonio to the airport near Ronald Leach's residence when the children travel for his times of possession. IT IS ORDERED that Gina Accord obtain and pay for the children's return flight tickets to San Antonio at the end of Ronald Leach's possession periods.

In his motion for enforcement, Leach sought reimbursement for return flight tickets for T.L. in December 2008 and February 2009. Leach also sought reimbursement for return flight tickets for L.L. that occurred from July 2008 through March 2009.

## UNINSURED MEDICAL EXPENSES

Leach's first two points of error relate to the trial court's denial of his motion seeking to enforce the provisions of the divorce decree pertaining to uninsured medical expenses. We review the trial court's order under an abuse of discretion standard. *In re A.C.B.*, 302 S.W.3d 560, 563 (Tex. App.—Amarillo 2009, no pet.); *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An abuse of discretion occurs when a trial court acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When, as here, the trial court did not file findings of fact and conclusions of law, it is implied that the trial court made all findings necessary to support its order and we will uphold the findings as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *In re T.J.L.*, 97 S.W.3d at 266. Under the abuse of discretion standard, sufficiency of the evidence is not an independent ground of error but rather is a relevant factor in assessing whether the trial court abused its discretion. *In re A.C.B.*, 302 S.W.3d at 564; *Chenault*, 296 S.W.3d at 189. An appellate court may not impose its own opinion contrary to the fact finder's implicit credibility determinations. *In re A.C.B.*, 302 S.W.3d at 564.

At the hearing on the motion to enforce, Leach introduced several documents into evidence in support of his claim including: an express mailing receipt dated April 15, 2008, which Leach testified contained a mailing that Accord refused to accept; a January 2009 email

from Leach to Accord referring to expenses incurred in 2003, 2004, 2006, and 2007; a series of emails dated October 14, 2008, between Leach and Accord with the subject line "Cost for [L.L.'s] Oral Surg Date: Tuesday, October 14, 2008, 10:05 AM"; and two October 2008 emails relating to L.L.'s oral surgery.[1]  Leach testified that he first sent requests for reimbursement to Accord around March 2008; however, none of the documents introduced into evidence reflect any dates in March 2008.  The earliest document is dated April 15, 2008.  The evidence submitted by Leach does not support his claim that he timely sent Accord copies of uninsured medical expenses for 2004, 2006 and 2007.  Accordingly, the trial court did not abuse its discretion by denying the requested reimbursement because Leach failed to comply with the notice provisions contained in the divorce decree regarding the uninsured medical expenses incurred in 2004, 2006, and 2007.  *See id.*

As to the uninsured medical expenses in 2008, Leach testified the expenses related to L.L.'s oral surgery that occurred on October 11, 2008, and that he promptly sent notice to Accord on October 14, 2008.[2]  However, there was a contradiction between Leach's testimony and exhibit 5, which indicated the surgery took place on August 1, 2008, and that Leach had paid the uninsured portion of the surgery charge on that date.  Relying on exhibit 5, the trial court ruled that the notification for reimbursement for the oral surgery charges was not timely because the expense was paid on August 1, 2008, and exhibit 4 showed notice was not given to Accord until October 14, 2008.  The trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony and we cannot impose our opinion to the contrary.  *See*

---

[1] Although Leach and his attorney alluded to additional documents at the hearing on Leach's motion for reconsideration, no additional documentary evidence was admitted; therefore, no additional documentary evidence is contained in the appellate record.

[2] The oral surgery reimbursements fall under the modified divorce decree that changed notification from ten days to thirty days. This change is not significant in light of the trial court's ruling that the notice was given more than two months after Leach paid the uninsured portion of the charge for the oral surgery.

*Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Once again, the trial court did not abuse its discretion by denying the requested reimbursement because Leach failed to provide timely notice of the expense as required by the decree.

In his second point of error, Leach asserts Accord had a duty to support the children regardless of whether he provided notice of the uninsured medical expenses in accordance with the provisions of the divorce decree. In support of this contention, Leach relies on the Amarillo court's decision in *In re A.C.B.*, 302 S.W.3d 560 (Tex. App.—Amarillo 2009, no pet.). However, we find *In re A.C.B.* distinguishable from this case. In that case, the trial court awarded the mother reimbursement for uninsured medical expenses even though she failed to provide notice of the expenses to the father within ten days of receipt of the medical bills as required by the decree. *Id.* at 565. The father appealed, arguing that the mother's failure to provide notice as required was fatal to her request for reimbursement. *Id.* at 563. The court of appeals disagreed, stating: "Even if [the mother] failed to provide copies of medical bills within the 10 day deadline established by the modification order, each parent is obligated to support his or her child during the child's minority and is liable to any other person, including the other parent, who provides necessities for the child." *Id.* at 565 (citing *Creavin v. Moloney*, 773 S.W.2d 698, 702-03 (Tex. App.—Corpus Christi 1989, writ denied)). In essence, the appellate court found the trial court did not abuse its discretion in ordering reimbursement because there was a legal basis for its decision, independent of any requirement contained in the decree. Here, the parties are in a different posture on appeal because the issue is whether the trial court abused its discretion by denying the requested reimbursement rather than by allowing a reimbursement. Because the trial court chose to enforce the notice requirement contained in the decree, we cannot conclude it failed to follow guiding principles or acted in an arbitrary manner. *Downer*,

701 S.W.2d at 241-42; *see also In re T.J.L.*, 97 S.W.3d at 267 (trial court did not abuse its discretion in ruling that party's failure to provide timely notice of medical bills as required by divorce decree relieved other party of obligation to pay one-half of medical expenses).

In the present case, there is no evidence Leach sent Accord notice of the unreimbursed medical expenses within the time prescribed in the divorce decree. The trial court did not abuse its discretion when it followed the terms of the divorce decree and denied Leach's motion for enforcement. Leach's second point of error is overruled.

### EXCLUSION OF EVIDENCE

In his third point of error, Leach contends the trial court erred in excluding statements made by Mark Davison, Accord's live-in boyfriend and later husband, as hearsay. *See* TEX. R. EVID. 801(e)(2) (statement by party's agent or by person authorized by a party to make a statement concerning a subject is not hearsay). Leach's brief fails to specify the evidence the trial court excluded as a result of its ruling. Moreover, Leach did not make an offer of proof at trial concerning the excluded evidence or file a bill of exceptions. *See* TEX. R. EVID. 103; TEX. R. APP. P. 33.2. The only information regarding the excluded evidence that can be gleaned from the record is that the evidence involved email communications by Mr. Davison; however, this is not sufficient to preserve Leach's complaint for appellate review. *See Cooper v. Cochran*, 288 S.W.3d 522, 531 (Tex. App.—Dallas 2009, no pet.). Leach's third point of error is overruled.

### TRAVEL EXPENSES

In his fourth point of error, Leach complains the trial court erred in concluding that the provisions of the trial court's order regarding the payment for airline tickets could not be enforced until after the order was signed. Leach is correct in his contention that an order of a trial court is enforceable when the trial court officially announces its decision in open court. *S &*

*A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). From the record, it appears the trial court denied the motion pertaining to the travel expenses because the clarification order was not signed until after the date the expenses were incurred. However, the record shows that the order regarding the travel expenses was officially announced in open court on January 30, 2009. Although several of the travel expenses for which Leach sought reimbursement were incurred before January 30, 2009, a few of the expenses were incurred after that date. Accordingly, the trial court abused its discretion in denying Leach's motion as to travel expenses incurred after January 30, 2009.

## COMPULSORY COUNTERCLAIM

In his final point of error, Leach challenges statements made by Accord's attorney at the conclusion of a hearing that Leach's motion was required to have been filed as a compulsory counterclaim in the prior proceeding on Accord's motion to modify. From the record, this contention does not appear to be the basis for the trial court's ruling. Moreover, we agree with Leach that such a contention would be an affirmative defense that Accord would have been required to plead in her answer. TEX. R. CIV. P. 94. Because Accord did not file an answer, the affirmative defense was not properly pled and could not be argued as a basis for denying Leach's motion.

## CONCLUSION

The portion of the trial court's order denying Leach's motion to enforce the provisions in the divorce decree relating to uninsured medical expenses is affirmed. The portion of the trial court's order denying Leach's motion to enforce with regard to travel expenses incurred after January 30, 2009 is reversed. The cause is remanded to the trial court for further proceedings.

Steven C. Hilbig, Justice