**AFFIRM in PART, and REVERSE and RENDER; Opinion Filed August 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01201-CV

## IN THE INTEREST OF I.O.K., J.C.K., AND M.O.K., CHILDREN

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-54118-2009**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

This is an appeal from the trial court's June 6, 2013 Order on Motion for Enforcement (the "Order") holding the father of the above-referenced children (the "Father") in contempt for his failure to reimburse the mother of those children (the "Mother") for certain of the children's medical expenses. In two issues, Father argues the parties' Final Decree of Divorce (the "Decree") requires satisfaction of two conditions precedent to his duty to reimburse the expenses and Mother did not produce sufficient evidence that she satisfied either condition. We reverse the trial court's Order as to Father and render judgment that Mother take nothing on her motion to enforce.[1]

---

[1] The trial court's Order contains a separate judgment in favor of Mother's attorney, Lynn Davis Ward, in the amount of $750. That judgment has not been challenged in this appeal, and it is affirmed.

**Background**

The expenses at issue are bills from Doctor Dean Beckloff, a psychologist treating the parties' two older children, I.O.K. and J.C.K. Mother filed her Second Amended Motion for Enforcement, seeking to require Father to reimburse her for the Beckloff charges as expenses not covered by health insurance.[2] Both parents testified at the hearing on the motion. Mother testified that some of Beckloff's charges were covered by insurance, but some were not. Father's attorney questioned Mother about whether she had turned over "unreimbursed expenses within 30 days," and she responded that she had not. She did testify that Father was aware of the amounts that were owed Beckloff because the parties had discussed the bills in emails and she had produced the bills in discovery. She also testified that Father would have received explanations of benefits from his insurer, notifying him of the charges.[3]

Father testified he has known the children were being treated by Beckloff since the parties were under temporary orders and that he had first received a bill from the doctor shortly after the parties had mediated the divorce. Nevertheless, Father testified that—on an unspecified date—he received a $5,000 bill from Beckloff, which was when he "first received any notification that there was a bill owed to Dr. Beckloff." Father also testified he had emailed the doctor and, after several attempts, obtained statements and bills from him. But he acknowledged he had not paid any amount to Beckloff directly.

---

[2] The relevant provision in the Decree states:

> Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: [FATHER] shall pay 100% of unreimbursed healthcare expenses until June 17, 2011 and thereafter [MOTHER] and [FATHER] shall each pay fifty (50%) of all health care expenses not paid by insurance that are incurred by or on behalf of the parties' children, including without limitation, medical, prescription, drug, psychiatric, psychological, dental, eye care and orthodontic charges.

[3] Pursuant to the Decree, Father provided health insurance coverage for the children.

The trial court granted Mother's motion as to fifty-nine claims for unreimbursed expenses. The court held Father in contempt, but it suspended any jail time "so that when he pays, it goes away." Father appeals.

**Standard of Review**

We review the trial court's ruling on a post-divorce motion for enforcement under an abuse of discretion standard. *DeGroot v. DeGroot*, 369 S.W.3d 918, 921 (Tex. App.—Dallas 2012, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under an abuse of discretion standard, insufficiency of the evidence is not an independent ground for asserting error, but it is a relevant factor in assessing whether a trial court abused its discretion. *Beck v. Walker*, 154 S.W.3d 895, 902 (Tex. App.—Dallas 2005, no pet.). A legal sufficiency or "no evidence" challenge will be sustained if the party suffering the adverse decision at trial shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005). When conducting a legal sufficiency review, we must view the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 822.

Mother contends we must presume the trial court made all findings in support of its Order, because Father did not obtain findings of fact and conclusions of law.[4] But when, as here, a reporter's record is filed, such implied findings are not conclusive; an appellant may challenge

---

[4] Father did request findings of fact and conclusions of law. But when the trial court did not respond to Father's request within twenty days, Father did not timely file a Notice of Past Due Findings of Fact and Conclusions of Law. *See* TEX. R. CIV. P. 297.

them by raising sufficiency-of-the-evidence issues. *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex. 2003). And when the appellant challenges the sufficiency of the evidence under these circumstances, the applicable standard of review is the same as that to be applied in the review of a trial court's findings of fact. *Sunl Group, Inc. v. Zhejiang Yongkang Top Imp. & Exp. Co., Ltd.*, 394 S.W.3d 812, 816–17 (Tex. App.—Dallas 2013, no pet.).

**Discussion**

Father asserts that his duty to reimburse Mother for these medical expenses was dependent upon her compliance with two obligations under the Decree: (1) that she take the children to a provider from within their insurer's network, and (2) that she provide notice of the expenses according to the Decree. Father relies on the following provisions of the Decree:

> Except in an emergency or if the other parent agreed in writing, if a party incurs health-care expenses for the child by using an out-of-network provider, the party incurring the services is ORDERED to pay 100% and the other party is ORDERED to pay 0%.

and,

> The party who incurs a health-care expense on behalf of a child is ORDERED to submit to the other party all forms, including explanation of benefits (EOB), receipts, bills, and statements reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, including explanation of benefits, receipts, bills, or statements.

We discuss these two provisions in turn.

*Out-of-Network Provider*

As to the first quoted provision, Father contends that because Beckloff was an out-of-network provider, Mother was required to pay 100% of his charges. Father did not raise this objection below, and the record is less than clear as to Beckloff's status under Father's insurance. Regardless, we conclude Mother is not responsible for 100% of the charges because of the

provision's exception allowing out-of-network care "if the other parent agreed in writing." The Decree is titled "Agreed Final Decree of Divorce," and both parties acknowledge that the Decree required the children to continue therapy with Beckloff.

Father argues he did not sign the Decree, so it is not an agreement in writing as the exception requires. The Decree recites that it is based on the parties' mediated settlement agreement, "which settled all claims and controversies between them on issues pertaining to conservatorship, possession, access and support of each child . . . and the Court adopt[ed] that agreement as the Orders of the Court herewith." A mediated settlement agreement involving the parent-child relationship must be in writing and be signed by each party to the agreement. *See* TEX. FAM. CODE ANN. § 153.0071(d) (West 2014). Accordingly, we may infer that the provisions of the Decree relating to support of the children have been agreed to in a writing signed by both parents. *See also* TEX. FAM. CODE ANN. §154.183(a)(2) (an amount ordered to be paid as medical support for child is a child support obligation).

We conclude the Beckwith charges are not tied to the network status of the doctor so as to render Mother 100% responsible for payment. Instead—because of the agreement of the parties—the charges are subject to the Decree's provision for reimbursement of medical expenses, discussed below. We overrule appellant's first issue.

*Timely Notice of Expenses*

As to the second quoted provision, Father contends Mother did not comply with the Decree's requirement that she provide him "all forms, including explanation of benefits (EOB), receipts, bills, and statements reflecting the uninsured portion of the health-care expenses within thirty days after . . . she receives them." He argues that absent her compliance, he had no obligation to reimburse her. Mother conceded at the hearing that she did not send the required forms to Father within thirty days:

–5–

[Question by counsel for Father]: Are you aware that you're supposed to provide [Father] with unreimbursed expenses within 30 days of accruing them per the divorce decree?

A. Yes.

Q. Did you do that for Dr. Beckloff?

A. Not for Dr. Beckloff because -- but he was receiving bills from the insurance company.

Q. How do you know that?

A. Because you always get an EOB for services rendered.

As this exchange indicates, Mother relied on the fact that Father received some notice of the bills from the insurer. She also testified that Father had notice of the bills through their email communications and through the process of discovery. But nothing in the Decree imposes an obligation on Father to seek out information about these incurred expenses from either his insurer or Mother. Instead, the Decree places the obligation on Mother to send "all forms" within thirty days and orders Father to reimburse her within thirty days after he "receives the forms." If Mother does not send the forms, Father cannot receive them from her. Accordingly, we agree with Father that his obligation to reimburse Mother under the quoted provision arises only after she has complied with that same provision by sending him all forms related to the charge within thirty days of the date she receives them.

In this case, Mother admitted that she did not comply with this obligation under the Decree. Although we must view the evidence in the light most favorable to the verdict, we conclude a reasonable fact finder could not disregard this admission. *See City of Keller,* 168 S.W.3d at 822. As a result of Mother's failure to comply with the Decree, Father's obligation to reimburse her for the Beckloff charges was never triggered. And because his obligation to reimburse was never triggered, the evidence was legally insufficient to support each of the trial court's fifty-nine awards that were based on Father's failure to reimburse. *See id.* at 810

(evidence is legally insufficient when it "establishes conclusively the opposite of the vital fact" necessary to recovery).

We have concluded the evidence before the trial court negated Father's obligation to reimburse Mother in this case. Despite that evidence, the trial court failed to hold Mother to her obligations under the Decree. Accordingly, we must conclude the trial court abused its discretion in granting Mother's motion. Our conclusion is supported by the opinions of other courts dealing with comparable decree provisions. *See In re L.L.*, 341 S.W.3d 22, 25 (Tex. App.—San Antonio 2010, no pet.) (father "failed to comply with the notice provisions contained in the divorce decree regarding the uninsured medical expenses"); *In re T.J.L.*, 97 S.W.3d 257, 267 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (mother "did not timely submit expenses to [father] as required to obtain reimbursement"). We sustain Father's second issue.

## Conclusion

We affirm the Order's unchallenged judgment in favor of Lynn Davis Ward. We reverse the Order as to Father and render judgment that Mother take nothing on her Second Amended Motion for Enforcement.

/David Lewis/
DAVID LEWIS
JUSTICE

131201F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLES KURZ, Appellant

No. 05-13-01201-CV        V.

CONNIE SWORD, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-54118-2009.
Opinion delivered by Justice Lewis, Justices Fillmore and Evans participating.


In accordance with this Court's opinion of this date, the trial court's June 6, 2013 Order on Motion for Enforcement is **AFFIRMED** as to the judgment of $750 in favor of Lynn Davis Ward.

In all other respects, the Order is **REVERSED**, and judgment is **RENDERED** that appellee Connie Sword take nothing on her Second Amended Motion for Enforcement.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 13th day of August, 2014.