

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00416-CV

**IN THE INTEREST OF C.C.E., JR.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-00379
Honorable Antonia Arteaga, Judge Presiding

Opinion by:      Beth Watkins, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: July 28, 2021

AFFIRMED IN PART; DISMISSED FOR WANT OF JURISDICTION IN PART

Appellant E.E.M. ("Mother") appeals contempt and child support arrearage orders in favor

of appellee C.C. ("Father"). We dismiss Mother's appeal of the trial court's contempt finding for

want of jurisdiction and affirm the arrearage order.

### BACKGROUND

Mother and Father, who divorced in 2010, are the parents of one child.[1] At all times

relevant to this appeal, Mother's and Father's respective child support obligations were controlled

by the trial court's September 28, 2017 Agreed Order in Suit to Modify Parent-Child Relationship

("the controlling order"). The controlling order specifies, inter alia, that: Mother and Father "shall

---

[1] The appellate record uses multiple sets of initials to identify the child. The style of this opinion uses the initials listed in Mother's notice of appeal.

each provide medical support for" the child; Father shall maintain health insurance for the child; "the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance" shall be evenly split by Mother and Father; and this medical support obligation is considered additional child support. The order also specifies:

> The party who incurs a health-care expense on behalf of the child is ORDERED to furnish to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

In January of 2020, Father filed a "Motion for Enforcement by Contempt" alleging Mother had "failed to pay her share of the uninsured portion of the health-care expenses" on several occasions. Father asked the trial court to hold Mother in contempt, fine her, and place her on community supervision. He also asked the court to order Mother to pay the alleged health-care arrearages, as well as Father's reasonable attorney's fees and court costs associated with the enforcement motion. In response, Mother argued she had not violated the controlling order because Father did not timely provide documentation triggering her duty to reimburse him.

After a hearing, the trial court signed an order finding that Mother failed to comply with her duty to pay her share of unreimbursed health-care expenses on several occasions, and it found Mother in contempt of court for each violation. The trial court also ordered Mother to pay Father $1,658.49 "for medical reimbursement arrearage" and $6,900 in attorney's fees, expenses, and costs "as a result of failure to pay medical support of the child." Mother timely appealed.

**ANALYSIS**

***Motion to Dismiss***

Father filed a motion to dismiss Mother's appeal on the basis that she challenges a contempt judgment that is not reviewable on direct appeal. Mother responds that her complaints are reviewable on direct appeal because the trial court's order is final, the contempt finding is void, and/or the arrearage and attorney's fee judgments are reviewable even if the contempt finding is not. She alternatively argues that if her complaints are not reviewable on direct appeal, we should construe her appellate brief as a petition for writ of mandamus.

*Applicable Law*

Decisions in contempt proceedings cannot be reviewed on direct appeal. *See, e.g.*, *Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A contempt judgment must be reviewed through either a petition for writ of habeas corpus if the contemnor is confined, or a petition for writ of mandamus if the contemnor is not confined. *Id.* This is true even if the contempt order appears to be final or the contemnor alleges the order is void. *Chavira v. Quarry Hills Mgmt., LLC*, 458 S.W.3d 561, 566 (Tex. App.—El Paso 2014, pet. denied); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 672 (Tex. App.—Fort Worth 2001, pet. denied).

However, if a motion to enforce an existing child support judgment "includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order." *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.). If a contemnor challenges both a contempt finding and an unrelated finding like an arrearage judgment in a single appellate proceeding, both this court and other Texas courts of appeals have dismissed the appeal of the contempt finding and resolved the remaining, non-contempt issues. *See id.*; *see also Heads v. McDade*, No. 03-18-00753-CV, 2019 WL 3680144, at

*1 (Tex. App.—Austin Aug. 7, 2019, no pet.) (mem. op.); *Cline*, 557 S.W.3d at 812–13; *Chavira*, 458 S.W.3d at 567–68; *In re B.A.C.*, 144 S.W.3d 8, 10–12 (Tex. App.—Waco 2004, no pet.). In deciding what kind of relief is requested by a pleading, we look to its substance rather than its title. *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam).

While the *Cline* court recognized that in an appropriate case, a reviewing court may treat an appeal as a petition for writ of mandamus, it also noted "there is no authority for treating a case as **both** an original proceeding **and** an appeal." *Cline*, 557 S.W.3d at 812 (emphasis in original). However, in cases where the contemnor filed both a direct appeal and a mandamus petition in separate filings, two of our sister courts resolved the mandamus and appellate issues in one consolidated opinion. *In re V.I.P.M.*, No. 05-19-00197-CV, 2020 WL 1472210, at *1 (Tex. App.—Dallas Mar. 26, 2020, pet. denied) (mem. op.); *In re C.F.*, 576 S.W.3d 761, 767 (Tex. App.—Fort Worth 2019, no pet.). Taken together, *Cline*, *In re V.I.P.M.*, and *In re C.F.* stand for the proposition that a single filing in the appellate court cannot be treated as both an original proceeding and a direct appeal.

*Application*

Here, the controlling order requires Mother and Father to provide medical support to the child "as additional child support" and to evenly split health-care expenses that are not covered by insurance. Father's Motion for Enforcement by Contempt asked the trial court to hold Mother in contempt and punish her for allegedly violating this provision, but it also asked the court to order her to pay arrearages and attorney's fees. The substance of this pleading requests both a non-appealable contempt finding and an appealable money judgment. *In re J.Z.P.*, 484 S.W.3d at 925; *In re E.H.G.*, 2009 WL 1406246, at *5.

After a hearing on Father's motion, the trial court found Mother in contempt, but it did not fine her, order her confined, or place her on community supervision. It did, however, find her in

arrears on a child support obligation and ordered her to pay the arrearages and Father's attorney's fees. Because the trial court found she was in arrears on a child support obligation, Mother would have been obligated to pay that amount even if there had been no contempt finding. *See Office of Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 866 (Tex. 2013) ("[P]ayment of child support reflects a parent's duty to his child[.]"). Similarly, because the decree specifically described this medical support obligation as child support, the Texas Family Code required the trial court to award Father attorney's fees for his enforcement action. TEX. FAM. CODE ANN. § 157.167(a). As a result, neither the arrearage judgment nor the attorney's fees can be treated as punishments arising out of the contempt finding. For this reason, the amounts the trial court ordered Mother to pay are non-contempt money judgments that this court has jurisdiction to address on direct appeal. *See In re E.H.G.*, 2009 WL 1406246, at *5.

That leaves Mother's challenge to the contempt finding itself. We note that after it found her in contempt, the trial court set a future "compliance hearing" and "reserve[d] the ability to issue further orders regarding [Mother's] contempt of Court for her failure (if any) to fully comply with this order or the underline [*sic*] enforcement action." Because the trial court did not attach any penalty to its contempt finding at that time and the record does not show it has taken any punitive action against her since then, we question whether a challenge to the contempt finding is ripe. *See In re Stenson*, No. 14-06-00094-CV, 2006 WL 1331147, at *4 (Tex. App.—Houston [1st Dist.] May 11, 2006) (orig. proceeding) (mem. op.) (habeas petition challenging contempt order was premature where penalty assessed for contempt based on non-payment was suspended conditioned on future payments). Assuming, without deciding, that Mother's challenge to the contempt finding is ripe, her response to Father's motion to dismiss primarily argues that we should treat her challenges to the arrearage and attorney's fee orders as appealable and in the alternative, explicitly asks us to treat her appellate brief as a petition for writ of mandamus.

Mother's request for mandamus review only in the alternative to appellate review distinguishes this dispute from *In re C.F.* and *In re V.I.P.M.* because the appellants in those cases filed both an appellate brief and a separate petition for writ of mandamus. *In re V.I.P.M.*, 2020 WL 1472210, at *1; *In re C.F.*, 576 S.W.3d at 767. Those separate filings created two distinct proceedings, allowing the *In re C.F.* and *In re V.I.P.M.* courts to reach both the contempt and non-contempt issues. *See In re V.I.P.M.*, 2020 WL 1472210, at *1; *In re C.F.*, 576 S.W.3d at 767. Here, in contrast, resolving both the contempt and non-contempt issues would require us to treat Mother's single filing "as **both** an original proceeding **and** an appeal." *Cline*, 557 S.W.3d at 812. Mother cites no authority allowing us to do so, and we have found none.

Under these limited circumstances, we conclude we have jurisdiction to review Mother's challenge to the trial court's money judgment as a direct appeal. *See In re E.H.G.*, 2009 WL 1406246, at *5. We also conclude that the record in this case and the applicable law require us to dismiss the portion of the case challenging the trial court's contempt finding for want of jurisdiction. *See Cline*, 557 S.W.3d at 812.

In his motion to dismiss, Father seeks an award of appellate attorney's fees. However, the trial court did not award those fees. "By seeking an award of appellate attorney's fees in this Court, [Father] seeks a more favorable judgment than awarded below." *Stouffer v. Levine & Father Operating Corp.*, No. 05-19-00001-CV, 2020 WL 3410636, at *4 (Tex. App.—Dallas June 22, 2020, no pet.) (mem. op.). As a result, he was required to either file a notice of cross-appeal or show "just cause" to obtain that relief. TEX. R. APP. P. 25.1(c). Father did not file a notice of cross-appeal, and because he did not seek or present evidence of appellate attorney's fees below, we decline to hold that he has shown "just cause" for that relief on appeal. *See id.*; *Stouffer*, 2020 WL 3410636, at *4.

For the foregoing reasons, we grant Father's motion to dismiss Mother's challenge to the trial court's contempt finding in part; we deny his motion to dismiss Mother's challenge to the non-contempt findings, as well as his request for appellate attorney's fees.

### Child Support Arrearage and Attorney's Fees

*Standard of Review and Applicable Law*

We review a trial court's determination of child support arrearages for abuse of discretion. *In re T.S.P.*, No. 04-14-00547-CV, 2015 WL 5037123, at *2 (Tex. App.—San Antonio Aug. 26, 2015, no pet.) (mem. op.). A trial court does not abuse its discretion unless its ruling is arbitrary, unreasonable, or without reference to guiding rules or principles. *In re L.L.*, 341 S.W.3d 22, 24 (Tex. App.—San Antonio 2010, no pet.). Under this standard, the sufficiency of the evidence supporting the trial court's ruling is not an independent ground of error, but is a factor in determining whether the trial court abused its discretion. *Id.* Because the trial court acts as the factfinder in bench trials, we must defer to its credibility determinations and may not impose our own opinion contrary to those determinations, even if the evidence would support a different result. *In re J.J.F.R.*, No. 04-15-00751-CV, 2016 WL 3944823, at *2 (Tex. App.—San Antonio July 20, 2016, no pet.) (mem. op.).

As the movant on the enforcement action, Father bore the burden to demonstrate that Mother had an obligation to reimburse him under the controlling order. *In re L.K.*, No. 02-18-00049-CV, 2018 WL 5832131, at *3 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op.). The controlling order classified health-care reimbursement as a child support obligation, so if the trial court found Mother failed to satisfy that obligation, it was statutorily required to "order [Mother] to pay [Father's] reasonable attorney's fees and all court costs in addition to the arrearages." TEX. FAM. CODE § 157.167(a).

*Application*

In her first issue, Mother argues the trial court abused its discretion by finding she had an obligation to reimburse Father for the child's health-care expenses. As noted above, the controlling order provides that the parent who pays an unreimbursed health-care expense must provide the other parent with "all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them." It also ties the non-incurring parent's reimbursement obligations to the receipt of those documents. At trial, Mother focused solely on Father's failure to timely send her explanations of benefits (EOBs) from his insurance company.

Father testified that he regularly sent Mother documentation of her share of the child's health-care expenses through the application Our Family Wizard. He presented a spreadsheet showing Mother had allegedly failed to reimburse him for $1,677.87 in health-care expenses, along with receipts, bills, and invoices that he testified supported that amount.[2] He testified that he timely sent Mother those receipts, bills, and invoices, and that those documents described the services provided to the child and the amounts Father incurred for those services. While Father conceded he has not historically sent Mother EOBs and that he did not send her the EOBs at issue here until June 29, 2020—one week before the hearing on his enforcement motion—he also testified that she had never requested an EOB before reimbursing him prior to this dispute. He explained that the documentation he sent Mother nevertheless "had all the explanation of benefits included." Father offered the spreadsheet, receipts, bills, invoices, and EOBs into evidence, and the trial court admitted those documents without objection from Mother.

---

[2] Because Father stipulated that he was not seeking reimbursement for one of the expenses listed on his spreadsheet, the amount the trial court ordered Mother to pay is slightly lower.

In the trial court, Mother agreed that she received "receipts or invoices," and she did not contend that Father failed to timely send her those documents or that there was any discrepancy between those documents and Father's spreadsheet. She agreed she did not pay the amounts for which Father sought reimbursement, but she testified that was because "there have been some expenses that I was not in agreement with and so that's why I requested the [EOBs]." Under questioning from the trial court, the only expense Mother specifically disagreed with was the cost of two knee braces. While she conceded she had historically reimbursed Father for health-care expenses without receiving EOBs, she testified that she had not waived her right to receive EOBs. She also testified that she believed the controlling order did not require her to reimburse Father until after he sent her the EOBs.

Based on this testimony, the trial court could have reasonably determined that Mother waived the controlling order's requirement that Father provide her with EOBs. *See In re C.A.*, No. 10-16-00351-CV, 2021 WL 409621, at *6 (Tex. App.—Waco Feb. 3, 2021, no pet.) (mem. op.) ("A party to a divorce decree may waive a condition precedent, which may be inferred from that party's conduct."). Although Mother testified that she did not waive her right to receive EOBs, the trial court was free to disbelieve that testimony, especially in light of her own testimony that she had previously reimbursed Father without receiving EOBs. *See, e.g.*, *LaSalle Pipeline L.P. v. Donnell Lands, L.P.*, 336 S.W.3d 306, 319 (Tex. App.—San Antonio 2010, pet. denied); *see also Alonso v. Alvarez*, 409 S.W.3d 754, 757 (Tex. App.—San Antonio 2013, pet. denied) ("In resolving factual disputes, the trial court can accept or reject any part or all of a witness's testimony."). Furthermore, even if we assume Mother did not waive her right to receive EOBs, the trial court found on the record that the documentation Father timely provided served the same function as an EOB. Those documents: (1) identify the health-care providers the child visited; (2) describe the medical procedures, pharmaceuticals, and devices provided to the child; and (3) list

the amounts paid by Father's insurance, the amounts adjusted or written off by the health-care provider, and the amounts paid directly by Father. At trial, Mother did not identify any information in the EOBs that was not contained in the documentation Father timely provided to her. Under these circumstances, the trial court could have reasonably concluded that even if Father did not timely send the EOBs, he complied with his duties under the controlling order and therefore triggered Mother's obligation to reimburse him. *See In re H.K.D.*, No. 05-18-00968-CV, 2020 WL 428152, at *12–13 (Tex. App.—Dallas Jan. 28, 2020, no pet.) (mem. op.).

In her brief, Mother identifies purported discrepancies between Father's spreadsheet of expenses and the other documentation admitted below, including the EOBs. She also complains that certain invoices show Father did not send those documents to her within thirty days of receiving them, and that some of the expenses are "out-of-network reimbursement claim[s], which [are] not permitted by the Medical Support Order." Finally, she argues the documentation Father provided her prior to June 29, 2020 cannot constitute an EOB because those documents do not satisfy the Texas Administrative Code's definition of that term. Because Mother did not raise these arguments below, we decline to consider them on appeal.[3] *See* TEX. R. APP. P. 33.1; *Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.) (to be preserved for appellate review, argument raised on appeal must comport with arguments raised at trial).

Based on this record, we cannot say the trial court behaved arbitrarily, unreasonably, or without reference to guiding rules or principles by concluding that the documentation Father timely sent triggered Mother's obligation to pay her share of the unreimbursed health-care expenses and

---

[3] Father's brief offers specific factual rebuttals to these complaints. But because Mother did not raise these arguments below, the trial court did not have an opportunity to determine which version of events it considered more credible. *See, e.g.*, *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) ("[T]he judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error."); *see also Lemus v. Aguilar*, 491 S.W.3d 51, 59 (Tex. App.—San Antonio 2016, no pet.) (in a bench trial, the trial court is the factfinder and the sole judge of witnesses' credibility). We decline to conduct that credibility analysis for the first time on appeal.

that Mother did not comply with that obligation. *See In re C.A.*, 2021 WL 409621, at \*6; *In re H.K.D.*, 2020 WL 428152, at \*12–13. Accordingly, we overrule Mother's first issue.[4]

In her second issue, Mother argues the trial court abused its discretion by awarding attorney's fees to Father. However, having found that Mother failed to make child support payments as required by the controlling order, the trial court had no choice but to order her to pay Father's reasonable attorney's fees and court costs. TEX. FAM. CODE § 157.167(a). Because the trial court did not abuse its discretion by finding Mother was in arrears on her child support obligation, it also did not abuse its discretion by awarding attorney's fees to Father. *Id.* We overrule Mother's second issue.

## CONCLUSION

We affirm the trial court's July 24, 2020 Order on Motion for Enforcement by Contempt to the extent that it orders Mother to pay "medical reimbursement arrearage" and attorney's fees to Father. We dismiss Mother's challenge to the contempt finding for want of jurisdiction.

Beth Watkins, Justice

---

[4] While Mother cites cases in which our sister courts appear to have reached a different conclusion, this dispute is factually distinguishable from those cases. *See, e.g.*, *In re L.K.*, 2018 WL 5832131, at \*3–5 (holding, under facts that do not appear to suggest mother waived right to receive EOBs, that trial court abused its discretion by ordering mother to reimburse grandparents because grandparents never provided EOBs); *In re E.G.*, No. 02-16-00302-CV, 2017 WL 3821862, at \*3 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.) (trial court did not abuse its discretion by denying incurring parent's motion for enforcement where there was no evidence incurring parent sent non-incurring parent any supporting documentation); *In re I.O.K.*, No. 05-13-01201-CV, 2014 WL 3939379, at \*3 (Tex. App.—Dallas Aug. 13, 2014, no pet.) (mem. op.) (trial court abused its discretion by granting incurring parent's motion for enforcement where there was no evidence incurring parent timely sent non-incurring parent any supporting documentation). Our holding here is limited to these unique facts and does not stand for the proposition that a parent seeking reimbursement under a controlling order like the one at issue here may ignore the order's requirement that he or she provide EOBs to the other parent.