

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00415-CV

Richard A. **GARCIA**,
Appellant

v.

Elizabeth J. **RANFT-GARCIA**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI12755
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 20, 2024

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

In this appeal, appellant Richard Garcia ("Garcia") complains about the trial court's order granting appellee Elizabeth Ranft-Garcia's ("Ranft") motion to enforce the parties' divorce decree. In three issues, Garcia asserts: (1) there is insufficient evidence to support the monetary judgment; (2) the trial court erred in awarding attorney's fees to Ranft; and (3) the trial court erred by failing to grant his motion to enforce. We affirm in part and reverse and render in part.

BACKGROUND

Garcia and Ranft had two children during their marriage—J.R.G. and G.R.G. At the time of their divorce in 2017, only J.R.G. was a minor. Their 2017 divorce decree ordered, *inter alia*: (1) the parties to evenly split health care costs for J.R.G.; (2) Garcia to pay for J.R.G.'s cell phone plan until she graduated high school, and then the parties would split the cost; (3) the parties to split the cost of a car for J.R.G.; and (4) the parties to split the cost of J.R.G.'s college fund. Additionally, the parties incorporated an agreement incident to divorce ("Agreement") into their divorce decree that obligated the parties to split healthcare costs for G.R.G.

In 2019, the parties filed competing motions to enforce various portions of the divorce decree. Both Garcia and Ranft requested the other be held in contempt or, if the trial court found that portions of the decree were not specific enough, that the trial court clarify the decree. On September 17, 2019, a hearing was held on the parties' motions.

After the hearing, the trial court signed a written order requiring the parties to "exclusively communicate, exchange extracurricular calendars and expense sharing through" MyFamilyWizard (the "2019 order"). Additionally, the trial court clarified the decree pertinent to J.R.G.'s cell phone by ordering that Garcia be responsible for the entire cost of the child's phone.

On August 19, 2021, Ranft filed a motion to enforce alleging twenty-seven violations of the decree, requesting Garcia be held in contempt, and that she be awarded attorney's fees. After Garcia responded, Ranft filed an amended motion adding three additional violations and breach of contract claims against Garcia for breaching the Agreement.

On November 24, 2021, Garcia filed his own motion to enforce alleging Ranft violated the 2019 order. Garcia alleged Ranft violated the order by disparaging him on fourteen separate occasions and requested damages and attorney's fees. Ranft moved to strike Garcia's motion, arguing that his petition was meritless because there was no loving and caring provision—the basis

for Garcia's claims—in the trial court's 2019 order. Although the trial court orally pronounced a loving and caring order should be put in place during the September 17, 2019 hearing, the written order did not reflect the trial court's oral order.

On December 16, 2021, the trial court signed a nunc pro tunc order to include a loving and caring order in the September 2019 order. Garcia filed a first amended motion, and the parties appeared for a three-day hearing on their competing motions to enforce beginning on January 21, 2022.

During the hearing, Ranft, Garcia, and G.R.G testified. No other evidence was admitted. After the hearing, the trial court signed a written order finding Garcia guilty of thirty violations of the decree. The violations relevant to this appeal are as follows:

- four violations for failing to pay $68.65 for J.R.G.'s cell phone;
- three violations for failing to pay $64.75 for the college fund;
- one violation for failing to reimburse Ranft for $920.11 for purchasing J.R.G.'s iPhone;
- seven violations for failing to reimburse Ranft for out-of-pocket medical expenses;
- one violation for failing to pay half of J.R.G.'s car down payment and remaining balance; and
- one violation for failing to use MyFamilyWizard to communicate with and reimburse Ranft.

The trial court also found that Garcia breached the Agreement on five violations. The trial court entered a judgment for Ranft in the amount of $8,855.64 plus $10,485.00 in attorney's fees. The trial court additionally held Garcia in contempt, finding that he failed to pay for half of J.R.G.'s medical insurance premiums. Garcia moved for reconsideration, which the trial court sustained in part; however, the trial court kept the violations relevant to this appeal and the contempt terms intact.

Disputing contempt was proper, Garcia filed a petition for writ of mandamus. *See In re Garcia,* No. 04-22-00399-CV, 2022 WL 4227562, at *1 (Tex. App.—San Antonio Sept. 14, 2022,

orig. proceeding) (mem. op.). We granted mandamus relief and ordered the trial court to vacate the contempt findings and any attorney's fees related to the contempt terms. *Id.* at *2. The trial court signed an order vacating the findings of contempt, reduced the judgment by $1,255.41, and reduced the attorney's fees awarded to Ranft in the amount of $2,483.29. This appeal followed.

On appeal, Garcia raises three issues for our review: (1) there is insufficient evidence to support the monetary judgment; (2) the trial court erred in awarding attorney's fees to Ranft; and (3) the trial court erred by failing to grant his motion to enforce.[1] Ranft did not file a brief.

### RANFT'S MOTION - SUFFICIENCY OF MONETARY DAMAGES

*Standard of Review and Applicable Law*

"A trial court's decision to grant or deny the relief requested in a motion for enforcement is reviewed for an abuse of discretion." *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *In re T.S.P.*, No. 04-14-00547-CV, 2015 WL 5037123, at *2 (Tex. App.—San Antonio Aug. 26, 2015, no pet.) (mem. op.). "A trial court abuses its discretion when it acts arbitrarily or without reference to guiding principles." *Miles v. Peacock*, 229 S.W.3d 384, 388 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "When reviewing a trial court's family law decision for an abuse of discretion, legal and factual insufficiency are not independent reversible grounds of error but are relevant factors." *In re C.F.*, 576 S.W.3d 761, 773 (Tex. App.—Fort Worth 2019, no pet.).

"[I]n determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have enough information upon which to exercise its discretion; and (2) did the trial court err in applying its discretion?" *Id.* "The applicable sufficiency review comes

---

[1] In the issues presented section of his brief, Garcia raised a fourth issue but did not provide argument or citation to authority in support. *See* TEX. R. APP. P. 38.1(i). Accordingly, we do not consider this issue.

into play in answering the first question." *Id.* "Concerning the second question, we determine, based on the elicited evidence, whether the trial court made a reasonable decision." *Id.* "When, as here, the trial court did not file findings of fact and conclusions of law, it is implied that the trial court made all findings necessary to support its order and we will uphold the findings as long as some evidence of a substantive and probative character exists to support the trial court's decision." *In re L.L.*, 341 S.W.3d 22, 24 (Tex. App.—San Antonio 2010, no pet.).

A motion to enforce child support, including confirmation of child support arrearages, is governed by Chapter 157 of the Texas Family Code. TEX. FAM. CODE § 157.001; *see also id.* § 154.183(a)(2) (establishing costs of health insurance coverage is a child support obligation). "A trial court is required to follow particular procedures in entering a final judgment in a proceeding seeking child support arrearages." *T.S.P.*, 2015 WL 5037123, at *3. "First, the trial court must tally the amount of the arrearage based on the payment evidence presented." *Id.* "After this calculation is made, the final judgment is to be rendered only after considering offsets and counterclaims." *Id.* "The petitioner has the burden to establish the arrearage, and the respondent has the burden to establish any applicable counterclaim or offset." *Id.* "A determination of arrearages must be set aside if no evidence supports it." *Id.*

*Analysis*

A. *Divorce Decree*

Garcia argues there is no evidence to support the trial court's order because Ranft, as the movant, presented no more than a scintilla of evidence, and he presented uncontroverted evidence establishing Ranft was not entitled to relief. At the hearing, Ranft testified that Garcia is obligated to reimburse her under the decree for certain amounts for medical expenses, out-of-pocket medical expenses, insurance premiums, car insurance, and the children's college funds. She further testified that: each violation alleged in her motion correlated with one of Garcia's obligations under the

divorce decree; the obligations remained unpaid; she kept a full accounting of the obligations owed and previously paid by Garcia in MyFamilyWizard; she sent messages to Garcia to let him know he was in arrearages for 2019 and 2020; Garcia sent monthly checks, but those amounts did not cover his obligations; and when she received a new payment from Garcia, she first applied the amount to the oldest outstanding balance.

Garcia testified that: Ranft told him he was not delinquent for 2019 and 2020; he believed he paid everything for the years 2020 and 2021 and was up to date on everything but the payments for J.R.G.'s car; he believed he was not required to pay for half of J.R.G.'s car if she was not in school full-time; he was sending extra money to cover unreimbursed medical expenses; he did not have knowledge of some of the violations; and he did not check MyFamilyWizard.

Garcia asserts there is no evidence of any of the decree violations because Ranft did not offer evidence that he was in arrearages. Garcia contends that Ranft was required to present physical evidence supporting her motion and that he presented uncontroverted documentary evidence that Ranft acknowledged he had reimbursed her for most of the arrearages. Neither party offered non-testimonial evidence during the hearing. Garcia cites exhibits attached to his motion for reconsideration to support his argument.

Although the trial court took judicial notice of Garcia's motion for reconsideration and filings, assuming without deciding the trial court included the exhibits in its judicial notice of the "filings," the trial court "may not take judicial notice of the truth of any factual allegations contained in its file." *C.F.*, 576 S.W.3d at 774. The trial court may not take, as true, the facts asserted in the exhibits attached to Garcia's motion, and neither party offered these exhibits into evidence. *See id.* Therefore, we reject Garcia's argument the exhibits attached to his motion for reconsideration establish he satisfied the arrearages.

Reviewing the trial court's actions and indulging every inference in favor of the trial court's ruling, we hold there was sufficient evidence for the trial court to find that Garcia violated the divorce decree. *See In re A.L.S.*, 338 S.W.3d 59, 66 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("Consistent with the abuse-of-discretion standard that controls our review, we must defer to factual resolutions by the trial court that derive from conflicting evidence, as well as any credibility determinations that may have affected those resolutions, and we may not substitute our judgment for that of the trial court."). After hearing the testimony and observing the proceedings, the trial court is the ultimate judge of credibility, and we will not disturb its ruling absent a showing of abuse. *Buzbee v. Buzbee*, 870 S.W.2d 335, 339–40 (Tex. App.—Waco 1994, no writ). In this case, the trial court was within its discretion to believe Ranft's testimony over Garcia's testimony.[2] *See Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 816 (Tex. App.—Dallas 2008, no pet.) ("The trial court is the judge of conflicting evidence.").

### B. The Agreement

Garcia argues the trial court erred by finding he violated the Agreement because Ranft presented no evidence of his obligations under the Agreement. We agree. "The Family Code provides that, in a divorce proceeding, the parties may enter into an agreement incident to divorce concerning the division of the property and the liabilities of the spouses and maintenance of either spouse." *Hallsted v. McGinnis*, 483 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2015, no pet.); TEX. FAM. CODE § 7.006. "If the court approves the parties' agreement, it may set forth the agreement in full or incorporate the agreement by reference in the final decree." *Hallsted*, 483 S.W.3d at 74. "Once the trial court has approved the parties' agreement and made it part of the judgment, the agreement is no longer merely a contract between private individuals." *Id*. "It

---

[2] Garcia additionally argues the entire judgment award should be vacated because the judgment is for child support, but this argument was not preserved in the trial court. *See* TEX. R. APP. P. 33.1; *id.* 38.1(i).

becomes part of a valid and binding final judgment and is enforceable as part of the decree." *Id.* at 75.

Here, the trial court, through the decree, approved the Agreement and expressly "incorporates it by reference as part of this decree as if it were recited herein verbatim and orders the parties to do all things necessary to effectuate the agreement." However, neither party moved to enter the Agreement into evidence, and we have not been directed to anywhere in the record in which the trial court took judicial notice of the Agreement. Additionally, during the hearing, the parties disagreed regarding Garcia's obligations arising from the Agreement.

Importantly, although incorporated into the parties' decree, it is not a part of the record. Because the testimonial evidence relating to Garcia's obligations under the Agreement was disputed—Ranft's testimony—without more, is insufficient to establish the existence of Garcia's obligations under the Agreement. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 634 (Tex. App.—Dallas 1995, writ denied) (holding there was no evidence to support the judgment where the trial court did not take judicial notice of the contract and nor was the contract admitted into evidence). Since the only evidence presented relating to the contents of the Agreement was disputed, the trial court was unable to take judicial notice of Garcia's obligations under the Agreement. *See* TEX. R. EVID. 201(b) (establishing that, under specific circumstances, a trial court may only take judicial notice of adjudicative facts that are not subject to reasonable dispute); *Harper v. Killion*, 348 S.W.2d 521, 523 (Tex. 1961) (citation omitted) ("A fact of which judicial notice can be taken is a matter of evidence and knowledge on the part of courts which requires no formal proof."); *see also In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.—Fort Worth 2006, pet. denied) ("It is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing."). Accordingly, because the Agreement is not in the record, the

trial court abused its discretion in finding Garcia violated the Agreement. Therefore, we reverse the portion of the trial court's order granting relief on Ranft's breach of contract claims and render judgment reducing the amount of the judgment ($7,630.23) by the amount awarded for the breach of contract claims ($2,749.09).

## ATTORNEY'S FEES

Garcia challenges the basis for the trial court's award of attorney's fees and the sufficiency of the evidence related to the amount of fees awarded.

### *Grounds for Attorney's Fees—Applicable Law and Analysis*

"A trial court may award reasonable attorney's fees in a proceeding to clarify and enforce a property division under a divorce decree." *Meyer v. Meyer*, No. 05-14-00655-CV, 2016 WL 446895, at *6 (Tex. App.—Dallas Feb. 4, 2016, pet. denied) (mem. op.) (citing TEX. FAM. CODE § 9.014). We review a trial court's award of attorney's fees under an abuse of discretion standard. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). In the case at bar, the trial court's order does not state the basis for the award of attorney fees. Accordingly, the trial court acted within its discretion if there was a valid legal basis for its actions. *See Messier v. Messier*, 458 S.W.3d 155, 165 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 566 (Tex. App.—Texarkana 2003, pet. denied).

The principal complaint raised by Ranft in the trial court was the enforcement of the parties' divorce decree. Under the Family Code, a trial court may award attorney fees to a party in an enforcement action. *See* TEX. FAM. CODE § 9.014 (establishing a trial court may award attorney's fees in post-divorce decree proceedings). Garcia has not provided citation to authority for the proposition that the trial court lacked the legal basis to award fees under Chapter 9 of the

Family Code. Accordingly, we cannot hold the trial court abused its discretion by awarding fees to Ranft for prosecuting her enforcement action under Chapter 9 of the Texas Family Code.[3]

Next, Garcia argues the trial court failed to require Ranft to segregate the fees awarded for each violation. Generally, "a party seeking attorney's fees is required to segregate fees between claims for which they are recoverable and claims for which they are not." *Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468, 498 (Tex. App.—El Paso 2022, no pet.) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). However, an exception to the general rule exists where "discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Chapa*, 212 S.W.3d at 313–14; *Lowry v. Tarbox*, 537 S.W.3d 599, 619 (Tex. App.—San Antonio 2017, pet. denied) ("[S]egregation is not required when the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts.").

Here, the legal services Ranft required to prosecute her claims require proof of essentially the same set of facts. *See Chapa*, 212 S.W.3d at 313–14; *Lowry*, 537 S.W.3d at 619. To establish her right to relief under the decree and the Agreement, Ranft had to establish the obligations imposed on Garcia, the violations of those obligations, and the resulting damages inflicted on her. *T.S.P.*, 2015 WL 5037123, at *3; *Woolam v. Tussing*, 54 S.W.3d 442, 448 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). All of Ranft's claims involved intertwined actions for recovery of medical expenses, insurance premiums, car insurance, the children's college funds, and J.R.G.'s car. Thus, although Ranft cannot recover under her breach of contract claims,[4] we hold, under

---

[3] On appeal, Garcia additionally argues attorney's fees are not warranted under Texas Family Code section 106.002 or Texas Civil Practice and Remedies Code section 38.001. *See* TEX. FAM. CODE § 106.002; TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) However, because fees are authorized under Chapter 9 of the Texas Family Code, it is unnecessary for us to reach his remaining arguments on this issue.

[4] Attorney's fees are independently available to a party for prosecuting a valid contractual claim. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

these facts, the services required to prosecute the enforcement action of the decree and the breach of contract claims based on the Agreement, which is incorporated into the decree, are so intertwined to trigger the exception to the general rule. *See Chapa*, 212 S.W.3d at 313–14. Therefore, Ranft was not required to segregate her fees for legal services.

*Sufficiency of Awarded Attorney's Fees—Applicable Law and Analysis*

Next, Garcia argues Ranft's counsel presented insufficient evidence to support the attorney's fees award. "When a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). "Both elements are questions of fact to be determined by the fact finder and act as limits on the amount of fees that a prevailing party can shift to the non-prevailing party." *Id.* A "fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id.* at 498. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.*

During the hearing, in addition to offering detailed billing statements, Ranft's counsel testified to her qualifications, her hourly rate, and the time spent in connection with the proceeding. *See id.* Garcia was represented by counsel in the trial court; however, his counsel did not present any evidence opposing Ranft's counsel's testimony. *See In re J.A.V.*, No. 04-21-00084-CV, 2022 WL 379316, at *9–10 (Tex. App.—San Antonio Feb. 9, 2022, no pet.) (mem. op.) (overruling challenge to attorney's fee award where the trial court had sufficient uncontroverted evidence); *In re K.M.B.*, 606 S.W.3d 889, 901 (Tex. App.—Dallas 2020, no pet.). We conclude Ranft's

counsel's testimony is sufficient to uphold the fee award. *J.A.V.*, 2022 WL 379316, at *9–10; *cf. Rohrmoos Venture*, 578 S.W.3d at 505 (holding general testimony regarding work performed, absent proof of the work done, how much time was spent on the tasks, and how the attorney arrived at the cumulative amount, was insufficient to support fee award).

Garcia also asserts that because we granted mandamus relief and ordered the trial court to vacate any attorney's fees related to the contempt terms, the trial court lacked sufficient evidence to exercise its discretion. Garcia did not provide a citation to authority in support of his position. *See* TEX. R. APP. P. 38.1(i). Additionally, Garcia asserts he is entitled to fees for responding to Ranft's enforcement because it was frivolous. We decline to address this argument because Garcia's brief does not establish that he preserved this argument in the trial court. *See* TEX. R. APP. P. 33.1; *id.* 38.1(i).

We overrule Garcia's second issue and hold the evidence is sufficient to support the trial court's award of attorney's fees.

### GARCIA'S MOTION FOR ENFORCEMENT

Finally, Garcia argues the trial court erred by failing to grant his motion to enforce the 2019 order, which includes the loving and caring order. Specifically, Garcia argues the trial court erred by failing to hold Ranft in contempt of court. During the hearing, however, Garcia's counsel stipulated he did not seek to hold Ranft in contempt in connection with his motion. *See In re R.H.B.*, 660 S.W.3d 136, 154 (Tex. App.—San Antonio 2022, no pet.). Garcia invited error; therefore, this issue is not presented for our review.

### CONCLUSION

We sustain Garcia's first issue in part. We reverse the trial court's order finding that Garcia breached the Agreement and render judgment reducing the amount awarded to Ranft to $4,881.14.

We overrule the remainder of Garcia's first issue and overrule the entirety of his second and third issues.

Lori I. Valenzuela, Justice